### NAPPER *VS*. NOLAND.

1. Where an affidavit in attachment states, that in consequence of the removal of the goods and effects of defendant, ordinary process cannot be served on him, and the writ alleges the same thing—the proceeding is not conformable to the statute, and the defect reaching to the affidavit—cannot be amended.

2. Judgment by default, where no declaration appears of record, is revisable on error.

3. Where the term of the court is limited to six days, judgment by default, for want of a plea taken at the return term of the writ, is irregular; and there is no distinction between attachments and ordinary actions, except in the case of non-resident defendants.

4. But where the court is authorised to continue its session, *until the business before it shall be disposed of:* and where from the record, it does not appear but that the court did business after the first week—the judgment will be regular.

Error to Benton Circuit court.

Attachment.—The defendant in error sued out an original attachment, returnable to the Circuit court of Benton, against the estate of the plaintiff, upon *affidavit*, stating that he was "about to remove his goods and effects out of the State, so that the ordinary process of the law cannot be served upon him," &c. The attachment being levied and returned, a *judgment final, by default*, was rendered at the *return* term of the court, without any declaration having been previously filed.

It is here assigned for error—

1. That the attachment was irregularly sued out;

2. That judgment was rendered without a declaration;

Napper *vs.* Noland.

3. That the judgment was rendered at the first term of the court.

*Martin,* for plaintiff in error.

COLLIER, C. J.—1. Where an attachment issues on the ground that a party is about to remove his "goods and effects," the statute requires the plaintiff, "his agent, attorney or factor, to make affidavit in writing, that the person against whom the attachment is prayed," "is about to remove his or her property out of the State, and that thereby the plaintiff will probably lose the debt, or have to sue for it in another State"—(Aik. Dig. s. 3, p. 37.) The affidavit declares, that as a consequence of the removal of the "goods and effects" of the defendant below, "the ordinary process of law cannot be served on him;" and the writ of attachment states the consequence of the removal to be, that "the ordinary process of law cannot be served upon the same"—that is, the "goods and effects." The proceedings on the attachment, then, are not conformable to the statute, and the defect reaching back to the *affidavit,* they could not be amended in the Circuit court.

2. It has been heretofore decided by this court, that a judgment by *default,* where no declaration appears of record, is reversable on error—(Wheeler et al. vs. Ballard, 6 Porter's R. 352.)

3. Where the term of a court is limited to six days, a judgment by default, for want of a plea taken at the return term of a writ, is irregular—(Rather vs. Owen, 1 Stew. R. 38.) And our statutes do not distinguish be-

tween suits commenced by attachment, and in the ordinary mode of suing, except in the case of non-resident defendants—(Aik. Dig. s. 15, p. 41.)

The Circuit court of Benton, is authorised to continue its session, *until the business before it, shall be disposed of.* The record before us does not show when the court adjourned, or when the judgment was rendered, and we cannot intend it to be erroneous, inasmuch as it would be regular, if the court continued to do business after the first week.

But for the first and second grounds taken by the plaintiff, the judgment must be reversed, and as he could not proceed below, it will be unnecessary to remand the case.