## WARE v. J. & W. TODD, ADMINISTRATORS.

1. A statement in an affidavit for an attachment, that the defendant is "About to abscond himself and his property out of the State," is equivalent to alleging that the defendant is about to remove himself and his property out of the State, *privately*, and therefore is substantially within the statute.

2. Although the proper direction of process of attachment is, to the sheriff, yet, a judgment will not be reversed, because the attachment is directed to any lawful officer, if it is executed by the proper officer·

3. A judgment by default cannot be sustained when no declaration has been filed.

4. A judgment cannot be rendered before the maturity of the demand, although the statute authorises an attachment to issue in certain cases, before the debt is due.

5. In such a case the proper course is to stop proceedings until the maturity of the debt, and then to proceed to judgment as in other cases.

Error to the Circuit Court of Pickens County.

SUIT commenced by attachment in the name of James Todd, administrator of Thomas B. Wade, deceased. The writ of attachment is directed to any lawful officer, and was executed by a constable. The debt on which the suit is founded, is stated in the affidavit, to be a note payable the 1st March, 1839; the cause for suing out the attachment, is stated to be, Ware the defendant, "was about to abscond himself and his property out of the State State, so that the ordinary process of law could not be served on him:" no declaration is found in the record sent to this court. At July Term, 1838, a judgment was rendered in favor of James and William Todd, administrators of William Todd, deceased.

This judgment was removed to this court, and the following errors assigned:

1st, The omission of a declaration.

2d. The rendition of judgment before the maturity of the demand sought to be recovered.

3d. Because the affidavit is defective in not pursuing the statute.

4th. Because the attachment is improperly directed.

GOLDTHWAITE, J.—Departing from the order pursued by the assignment of errors, we will notice the defects which are supposed to exist in the case, from its commencement by the affidavit, to its conclusion by the judgment.

1. The affidavit is obnoxious to criticism, but we think it is not so defective, as to render a judgment, otherwise proper, erroneous for this cause.    The oath required by statute, (P. Acts of 1837,) is, that the defendant is about to remove himself from the State, so that the ordinary process of law cannot be served on him.    The affidavit states, that he is "about to abscond himself and his property out of the State, so that the process of law cannot be served on him."    This, is equivalent to the assertion, that the defendant is about to *remove* himself and property out of the State *privately*, and is, therefore, substantially within the requirement of the statute.

2. The proper direction of process of this description is to the sheriff, or to any sheriff of the State: but we should hesitate to declare the proceedings erroneous for an omission of a proper direction, if, in point of fact, the process was executed by the proper officer.    The only manner in which advantage can be taken, of such a defect, if available at all, is by plea in abatement.    It is true, that this attachment was executed by a constable, but this point is not raised by the assignment of errors.

3. The omission of the declaration is a fatal defect, and was so ruled to be, in the case of Napper v. Noland (9 Porter 218) and Price v. Chevers (Ib. 511.)

4–5. It was also erroneous to render a judgment, before the maturity of the demand, on which the attachment was founded. The proper course in such a case is, to stay proceedings until the period when the debt becomes due, after which, a judgment can be rendered as in other cases.

The variance between the plaintiff, in the judgment, and him who commenced the proceedings, by suing out the attachment, is not covered by any one of the assignments of error.

For the omission of a declaration, and because the judgment was rendered prematurely, it is reversed and the cause remanded for further proceedings.