## HILL & PROCTOR v. WHITE.

1. A motion to quash the proceedings, for a defect in the summons of the justice of the peace, will not be entertained, when the case is before a superior court on an appeal.

2. A witness can have several actions on several certificates for his attendance, and it is no defence to a suit on such a certificate, that a former recovery has been had in another suit by the same plaintiff on another certificate.

3. When a witness has *proved* his attendance within five days after the determination of the suit in which he was subpœnaed, and has secured the proper certificate from the clerk; his right of action is complete against the party who subpœnaed him, and he is not obliged to delay his suit to wait the result of an execution against the unsuccessful party.

Writ of error to the Circuit Court of Wilcox County.

White sued Hill before a justice of the peace, and, after judgment, the latter appealed to the circuit court where the judgment

Hill & Proctor v. White.

was affirmed, and rendered against Hill and also against Proctor, his security in the appeal bond.

The summons was issued on the 30th May, returnable, the 6th July. The suit is for a small sum of money, due on a certificate of the plaintiffs' attendance on the defendant's subpœna as witness, in the circuit court, in a suit against Collins & Co. It appeared that a former suit had been instituted, by the plaintiff against the defendant on another certificate, and that both certificates would not exceed fifty dollars. This was shown by a plea of a former recovery, but as the suit is for less than twenty dollars, no replication was filed, or is necessary. It was likewise shown, that no execution had been issued against Collins & Co., for the costs of the action, in which the witness was subpœnaed, and in which they were the unsuccessful party. The circuit court refused to quash the proceedings of the justice and overruled the defence; the same questions are raised in this court on the assignments of error.

PROCTOR, for the plaintiff in error.
PECK, contra.

GOLDTHWAITE, J.—1. The circuit court very properly refused to quash the proceedings of the justice of the peace, be-cause the summons was returnable more than thirty days after it was issued. If this was an irregularity in the justice of the peace, it is not available to the defendant, after appeal. The statute regulating appeals from justices of the peace, provides that no defect in the summons, warrant, or other proceedings, before the justice, shall be noticed in the appellate court.

2. This action is not like a demand for an unliquidated account, so as to be within the influence of the decision in the case of De Sylva v. Henry, (3 Porter 132.) It is more like an action on a specialty, or promissory note, as the demand is ascertained and fixed by law. The party is entitled to institute as many suits as he has certificates; although the courts, on application, might consolidate in the same manner, as in suits on specialties, or promissory notes. To authorize the defence of a former re-

73

covery, it should have been shown that the former suit was for the same identical certificate; and it was not sufficient to show that one suit could have covered both certificates.

3. It was not the duty of the witness to leave his certificate with the clerk of the circuit court, to be taxed in the bill of costs against Collins & Co., nor was he bound to await the return of an execution against them; after proving his certificate within five days from the term of the court when the suit against Collins & Co. was determined, and receiving his certificate, his right of action against the defendant was complete. (Aikins' Digest, 452, P. P. 1837, p. 26.)

Let the judgment be affirmed.