# HAWKINS v. GILL.

1. A landlord, upon making the affidavit prescribed by the 2d section of the act of 1843, is entitled to the process of attachment, and it is not necessary that it should be stated that the attachment is not sued out for the purpose of vexing or harrassing the defendant.
2. The design of the act was to make the landlord's *lien* on the crop more effectual; the attachment therefore is properly issued against the crop grown on the land.

ERROR to the Circuit Court of Jefferson.

The plaintiff in error send out an attachment before a justice of the peace, as a landlord, against the defendant as his tenant, upon an affidavit, "that Joseph M. Gill is justly indebted to the said Williamson Hawkins, in the sum of one hundred dollars due from him for the rent of land for the year 1843, and that the said Gill has removed off the premises, to him rented by the said Hawkins, a part of the crop grown upon said land, and is about to remove the residue without having paid the rent for said land." Bond being executed in the penal sum of two hundred dollars, an attachment was issued by the justice, commanding the sheriff to attach "so much of the crop of the said Joseph M. Gill, if to be found, &c. repleviable on security, as shall be of value sufficient to satisfy the said debt and costs," &c.

At the return of the attachment, the court on motion, quashed the attachment from which this writ is prosecuted.

MUDD, for the plaintiff in error.

PECK, *contra,*—insisted that the attachment given in this case, must conform to the general attachment law, and that the affidavit was insufficient, because it did not state that the attachment was not sued out for the purpose of vexing or harrassing the defendant.

ORMOND, J.—The act of 1843, [Clay's Dig, 506,] declares that the crop grown on any rented land, shall not be removed off the premises until the tenant shall pay the rent in arrear, and that if the tenant is removing, or about to remove the crop, or any part

thereof, without having first paid the rent, the landlord shall have "the process of attachment as now provided by law," upon making affidavit, "that the amount sued for is due, or will be due for rent, and the tenant or lessee has removed, or is about to remove the crop off the premises, without having first paid the rent."

We think the whole design of this law, was to give the landlord an efficient means of enforcing his *lien* upon the crop grown upon the land for the rent. The act of 1821, abolishing distress for rent, gives a *lien* upon the growing crop, but provides no means for its enforcement, and to supply this defect, appears to have been the design of the act of 1843; the process was, therefore, properly issued against the *crop* grown upon the land, and should not have been issued against the estate of the defendant generally. The expression in the statute, that the landlord "shall have the process of attachment as now provided by law," did not mean that the landlord should have power to issue an attachment against his tenant, under the existing attachment law, but that for the causes, and upon making the affidavit specified in the statute, he should be entitled to the process of attachment, as allowed by law in other cases. The affidavit made in this case, is in precise conformity with the statute, and if any objection existed to the bond, it was according to our repeated decisions, no ground for quashing the attachment, as it could have been amended in the court below.

We have seen that the object of the law was to make the *lien* given to the landlord on the crop, more effectual; the instruction, therefore, to the officer, to levy the attachment on the crop grown upon the land, was strictly correct.

Let the judgment be reversed, and the cause remanded.