CLOUGH v. JOHNSON.

1. After an appeal from a justice, no plea in abatement can be interposed to disclose a defect in the affidavit for the attachment, which was the process in the suit.  This is a defect in the proceedings of the justice, and cured by the statute.

Error to the Circuit Court of Macon.

THIS action was commenced in a justice's court, by Johnson, upon attachment process against Mary Clough.  After judgment there, she appealed to the Circuit Court, where she appeared at the first term after the appeal, to plead in abatement a defect in the affidavit for attachment.  The court rejected the plea, and this is now assigned as error.

W. W. McLESTER, for the plaintiff in error, cited McRory v. Smith, 1 Ala. Rep. N. S. 157.

COCKE, contra, insisted that no plea except to the merits was proper, after the appeal.  [Clay's Dig. 315, § 12.]

GOLDTHWAITE, J.—The statute is very express that appeal causes from justice's courts, shall be tried by the appellate court, acccording to the justice and equity of the case, without regarding any defect in the warrant, capias,

54

summons, or other proceedings of the justice. [Clay's Dig. 315, § 12.]

The affidavit required when the process is by attachment, is ordinarily drawn by the justice, and in our judgment, a defect in it is cured by the appeal.

It is true, pleas of this nature have been permitted to the right to sue a defendant, who for some particular cause *is* exempt from the jurisdiction, [Reed v. Coker, 1 Stewart, 22.] But in such cases the defect is not in the proceeding, but in the jurisdiction. In McRory v. Smith, 1 Ala. Rep. N. S. 157, we held that no defect of this kind would authorize the appellate court to dismiss an appeal.

Judgment affirmed.