## REYNOLDS & ELSTON v. CULBREATH.

1. That a debtor " was about to dispose of his property fraudulently, to avoid the payment of the debt," does not authorize the creditor to sue out an original attachment, commanding its seizure.

Writ of Error to the Circuit Court of Randolph. Before the Hon. G. W. Stone.

DEBT by the defendant in error, upon a bond payable to him, executed by the plaintiffs in error, upon suing out an original attachment.

Upon the trial of the cause, the defendants offered evidence conducing to show, that about the time the attachment was sued out, the plaintiff was about to dispose of his property fraudulently, with intent to avoid the payment of the debt sued for. The court ruled that this, if true, was not a defence to the action, but only went in mitigation of the damages. To which the defendants excepted. This is now assigned as error.

L. E. PARSONS, for plaintiffs in error.

1. The sole question in this case is, whether an original attachment may be sued out, on the ground that the defendant is about to dispose of his property fraudulently. The judge below decided it could not.

2. It has been decided by this court, that there is no distinction between the two kinds; and that the sole question is, whether the attachment was wrongfully and vexatiously sued out. Kirksey v. Jones, 7 Ala. 623; Gayle v. Pearson, 11 Ala. 278; Brown v. Isbell, Ib. 1009.

S. F. RICE, contra.

1. The attachment was an *original* attachment, not an *ancillary* attachment. The proof on which the charge of the court was asked, related to a ground on which an ancillary attachment may issue. But no proof was made or of-

fered of any ground for suing out an original attachment: therefore, the plaintiffs in error could not bar an action for suing out an original attachment, by showing a ground for suing out an ancillary attachment.

2. There is no error, as the court will see by examining Alexander v. Hutchinson, 9 Ala. R. 825.

COLLIER, C. J.—The act of 1833, requires a party suing out an attachment to make an affidavit, that the defendant therein absconds or secretes himself; that he resides out of this State; that he is about to remove out of this State, so that the ordinary process of law cannot be served upon him; or that he is about to remove his property out of the State, and that thereby the plaintiff will probably lose the debt, or have to sue for it in another State. Clay's Dig. 54, § 3. By the act of 1837, a plaintiff in a suit at law, may, under some circumstances, cause an attachment to be issued in aid of the action; among other grounds upon which such auxiliary process shall issue, is the fact that the defendant is about to dispose of his property fraudulently, with intent to avoid the payment of the debt or demand sued for. Clay's Dig. 61, § 34.

Under the influence of this latter enactment, in an action on the case for suing out an ancillary attachment without any reasonable or probable cause, and for the purpose of vexing and harrassing the plaintiff, the court considered the allegation as a substantial assertion, that the act was done wrongfully and vexatiously, and that it was a complete defence to the action for the defendant to show that any one of the causes existed which would warrant him in resorting to this process. "The question," say the court, "is not, whether the precise ground stated in the affidavit is true, for it is obvious that the plaintiff has sustained no legal damage by the writ, if it was proper to be issued by changing the terms of the affidavit." Kirksey v. Jones, 7 Ala. Rep. 622.

In the case cited, it was said, "whenever an attachment is wrongfully sued out, and damage is thereby caused to the defendant in the suit, he is entitled to recover for the actual injury sustained, by force of the statutory provision. And if, in addition to its being wrongfully sued out, it is also vexa-

tiously, or in other terms, maliciously sued, then, the defendant, upon the principle which governs the correlative action for a malicious prosecution, may recover damages as a compensation for the vexatious or malicious act; or, in the terms of the statute, such damages as he may be entitled to on account of the vexatious suit."

In Alexander v. Hutchison, 9 Ala. Rep. 825, which was an action upon the bond to indemnify the defendant in attachment against the consequences of wrongfully or vexatiously suing out the process against his estate, it was decided that the attachment could not be justified by proof that the plaintiff therein had good reason to believe that the ground stated in the affidavit really existed. If it did not really exist, the plaintiff in attachment is answerable to the defendant for the injury sustained by him in consequence of the attachment having improperly issued.

It will be observed, that the case at bar is altogether unlike Kirksey v. Jones—there, the action was *case*, for *wrongfully* or *vexatiously* suing out the attachment—here, it is upon the bond, and the breach is not specifically alledged, either in the declaration, or in any other part of the record; but it was agreed to try the cause on its merits, to regard all papers and legal pleadings on both sides as filed, and all legal issues upon matters of fact, in bar, as formed, without actually writing out any of the pleadings on either side. It may then be intended, if necessary, to sustain the judgment below, that any breach which is consistent with the condition of the bond, was proved at the trial.

The cases are also distinguishable in this: the attachment in Kirksey v. Jones was auxiliary to a suit at law already commenced, while in the case before us, the attachment was the initiatory process. In the former, the fact attempted to be proved is one of the grounds prescribed by the statute upon which an attachment may issue; but in the latter, it furnishes no cause for issuing such process. Upon the form of the action, the mode of alledging the grievance, and the influence of the statute, this court placed its judgment. These reasons cannot, we have seen, be invoked in favor of the defence set up. Conceding that the defendant "was about to dispose of his property fraudulently to avoid the

payment of the plaintiff's debt," and still the existence of such a state of things did not warrant an original attachment to issue, commanding its seizure. This being the case, the evidence adduced by the defendant, if available for any purpose, could not exert greater potency than was accorded to it by the circuit court. The consequence is, that the judgment must be affirmed.