## SLATON v. APPERSON.

1. An attachment returnable before a justice of the peace, cannot be quashed in the circuit court, to which an appeal is taken, from the judgment of the magistrate, because the attachment was not executed in the county in which it issued; the objection not having been taken before the justice.

Error to the Circuit Court of Perry. Before the Hon. J. D. Phelan.

THE plaintiff in error, sued out an attachment against the defendant, returnable before a justice of the peace. The attachment was levied on a buggy, in the county of Dallas, by a constable of Perry county, who took possession, and brought it into the county of Perry. The attachment being returned, showing that it had been levied on a buggy, as the property of the defendant, judgment by default was rendered against the defendant. From this judgment, an appeal was taken to the circuit court, and on the motion of the defendant, the attachment, and levy, were quashed, and judgment rendered against the plaintiff for costs. From this judgment, a writ of error was brought to this court, and the ruling of the court below, is now assigned as error.

GARROTT, for plaintiff.

MOORE, for defendant.

DARGAN, J.—The only ground for quashing the proceedings, and setting aside the judgment rendered by the justice, was, that the levy had been made in Dallas county. This objection is only *to the service* of the attachment. It is very clear, that the constable of Perry, had no authority to execute the writ in Dallas; but we do not think that the defendant can set aside this levy, by an appeal to the circuit court. The statute provides, that in all cases of appeals from a justice of the peace, the trial shall be had on the merits. Clay's Dig. 315. The defence set up by the defendant, was not to the merits, but extended to the service of the process merely. We do not think that he can be permitted, for the first time, to object to the service of the writ, in the circuit court. Such a defence is not to the merits, but is in abatement, and should not have been allowed. See Carter, Hagan and Plowman v. Douglass, 2 Ala. 499; Hill and Proctor v. White, 1 Ala. 576.

The judgment must be reversed, and the cause remanded.