## STANDIFER *vs.* TONEY, GRANTLAND & CO.

[ATTACHMENT—JUDGMENT BY DEFAULT.]

1. *Attachment; judgment by default, when can not be taken.*—In an action of debt on a prommissory note, the court can not render judgment by default at the first term after the service of the attachment.—Revised Code, §§ 2660, 2661, 2998.

APPEAL from the Circuit Court of Limestone. Tried before the Hon. W. B. WOOD.

The facts are fully stated in the opinion.

W. H. WALKER, for appellant.
HOUSTON & PRYOR, *contra.*

[No briefs came into the hands of the reporter.]

PETERS, J.—This is an action of debt commenced by attachment, and founded on a promissory note. The note was for the sum of eight hundred and fifteen dollars and seventy cents, made on the 6th day of January, 1867, and became due and payable one day after date ; and so far as the record discloses, it was made in this State. The attachment was issued out of the circuit court of Limestone county, at the suit of Toney, Grantland & Co., as plaintiffs,

against Patrick H. Standifer, as defendant in the attachment, upon the grounds that the defendant, Standifer, "is about fraudulently to dispose of his property." It bears date on the 16th day of January, 1868, and is made returnable to the next term of the circuit court of Limestone county after its date. It came regularly to the hands of the sheriff, and was levied on the same day of its issuance.

On the 24th day of April, 1868, which was a day of the term of the court to which this process was made returnable, judgment by default was rendered against the appellant, as defendant in said attachment, for the sum mentioned in the note sued on, and for damages and costs. From this judgment the appellant, who was defendant in the court below, appealed to this court; and he here assigns for error that this judgment was prematurely rendered; and he now insists that no judgment should have been rendered against him until the trial term for causes like this, which was "the next term after the appearance or or pleading term" in that court.

To settle this controversy requires the construction of the statute found in the Revised Code of Alabama, at sections 2660, 2661 and 2998. We quote these sections so far as they touch the questions springing out of this case. They are in the following words : § 2660. "In actions of detinue, trespass to try title, ejectment, trial of the right of property, slander, trespass, assault and battery, and in actions on contracts made since 25th July, 1865, except renewals of contracts existing prior to 25th July, 1865, when the summons is executed twenty days previous to the return term thereof, the cause must be placed on the trial docket and stand for trial at the first term, unless good cause is shown for a continuance." § 2661. "In cases not mentioned in the preceeding section, the first term after the commencement of any action is the return term; the second term an appearance or pleading term; and no action shall be tried before the next term after the appearance term." 2998. "The plaintiff must, within the first three days of the return term of the attachment, file his complaint as in suits commenced by summons, and the case stands for trial as in other cases,"

The question now arises, do the words "other cases" in the section last above quoted refer to the "actions" named in section 2660, or to the "cases" indicated in section 2661 ? In the catalogue of actions enumerated in the former section, certain ones are specifically named, and the action of debt is not among them. And those actions not named, but classed in the same category with those mentioned, by reason of being founded on contracts made since the 25th July, 1865, are such only as have been instituted by summons. No other form of process is intimated in the act. Attachment is wholly omitted. Then summons alone could have been intended. *Expressio unius est exclusio alterius.* In order, then, to bring an action not named in this section within its influence, it must be founded on a contract made since the 25th July, 1865, and not a renewal of a contract made before that date, and be commenced by summons. This is not the case in this instance. Here the action is debt, and it was commenced by attachment. It is therefore not mentioned, or included by description in this section of the Code. To supply this omission would be an amendment, and not a construction of the statute. The exercise of such a power would be legislation, and it is forbidden to this tribunal.

Besides, section 2660 of the Revised Code, already quoted, shows that the summons must be executed twenty days previous to the return thereof, in order to authorize the rendition of judgment against the defendant in any case, except by consent or confession. But nothing is said in this section as to the length of time an attachment must be executed before trial, nor can this court fix this time by adding words to the statute which are not found in it, and which its true construction rejects. This view of the law obviates the necessity of amendatory interpolations, a most fruitful source of confusion, and makes all parts of the Code harmonize in the very language in which they have been expressed by the legislative will. This is going quite far enough ; and in so doing, the court escapes the suspicion of exercising legislative functions, against which the organic law has so wisely and carefully provided. Moreover, the process of attachment is a harsh remedy ;

when capriciously resorted to, it often prostrates the unfortunate debtor's ability to meet his engagements, when it is his honest wish to do so.   It is not, therefore, to be presumed, that the legislature, which this court must regard as both eminently wise and eminently humane, intended that it should be extended to  cases  not  particulary mentioned, under the authority of a disputed and questionable construction.—Revised Code, §§ 2660, 2661, 2998 ; Broom's Max. 505, marg. ; Constitution of Alabama, Article III, §§ 1, 2 ; Pamphlet Acts, 1868, p. 7, No. 8.

A judgment can not be rendered by default against a defendant in any case until the trial term.   And the trial term in this case does not arise until " the next term after the appearance term ;" and the judgment in this case having been rendred in the court below before that time, it is erroneous.   It is therefore reversed, and this cause is remanded for a *trial de novo.*—Revised Code, §§ 2661, 2998 ; *Prewit v. Clark,* 9 Porter, 286 ; *Griffin v. Wilson,* 19 Ala. 27.