Hafley & Son v. Patterson & Templeton.

47  271
135  314

# HAFLEY & SON vs. PATTERSON & TEMPLETON.

[ACTION COMMENCED BY ORIGINAL ATTACHMENT.]

1. *Affidavit; sufficiency of, in statement of ground for writ.*—In an affidavit for an attachment, a statement that the defendants "are fraudulently disposing of their *goods*," is equivalent to the case prescribed in the 6th subdivision of section 2928 of the Revised Code.

APPEAL from the Circuit Court of Lawrence.
TRIED before the Hon. JAMES S. CLARK.

The facts are sufficiently stated in the opinion.

W. P. CHITWOOD, for appellant.
H. C. SPEAKE, contra.

No briefs on file.

B. F. SAFFOLD, J.—This suit was commenced by attachment, and the single question involved by the appeal is whether the affidavit contains a sufficient statement of any legal ground for its issue.

The affiant swears that the defendants, Patterson & Templeton, are "fraudulently disposing of their goods, so as to evade the payment of their debts by ordinary process of law." Is this equivalent, in substance, to the cases specified in section 2928 of the Revised Code, sub-division 6, "when the defendant is about fraudulently to dispose of his property"? or sub-division 7, "when the defendant has fraudulently disposed of his property"?

We think it is. In *Free v. Hukill*, (44 Ala. 197,) the word "effects" was held to be a sufficient appellation of "property," within the meaning of the statute. The term "goods" has as extensive a legal signification as "effects," and has even been applied in the civil law to real estate, though it has no such application in our law. The statute does not mean that the defendant must have disposed of, or be about to dispose of, all of his property. He may dispose of it all without giving ground for an attachment, if he does so honestly, and in good faith to all who are interested. But he cannot dispose of any of it fraudulently without subjecting his property to this process.

In *Napper v. Noland*, (8 Porter, 218,) the affidavit stated that the defendant was about to remove his "goods and effects" out of the State; and it was held to be defective, because it said that in consequence of such removal the ordinary process of law could not be served on him. There was no statement that the plaintiff would probably lose his debt, or have to sue for it in another State. Merely removing some of a debtor's property out of the State gave the plaintiff no right to the remedy of attachment. The fraudulent disposition of any of his property justifies the belief that the perpetrator will endeavor to make good his fraud against all of his creditors.

The judgment is reversed, and the cause remanded.