[Perry v. Hurt, Corbin & Atkins.]


# Perry *v.* Hurt, Corbin & Atkins.

## *Attachment.*

1. *Attachment; what defects cured on appeal from justice to circuit court.*—Defects in a suit commenced by attachment before a justice of the peace, whether in the affidavit or writ, by the express terms of .the statute, are cured on appeal to the circuit court.

2. *Abatement, plea in; when properly rejected.*—A plea in abatement not filed at the term to which the appeal from the justice is returnable, may be rejected for that reason.

3. *Sureties on appeal bond; of what cannot complain.*—Neither the principal nor sureties upon an appeal bond, from a justice's court to the circuit court, can complain that that court rendered judgment against the sureties, in the names used by them in executing the bond.

APPEAL from Circuit Court of Dallas.

Tried before Hon. M. J. SAFFOLD.

The appellees, Hurt, Corbin and Atkins, commenced suit against the appellant, "R. E. Perry," by attachment in a justice's court.

The affidavit which was sworn to by W. T. Atkins, stated that "R. E. Perry is justly indebted to Hurt, Corbins & Atkins, in the sum of $98.60, after allowing all just off-sets and discounts, and that said R. E. Perry is about to leave the State for the purpose of defrauding his creditors, and that the attachment was not sued out for the purpose of vexing," &c.

Perry pleaded in abatement that his name was *Robert E.* Perry, and, (after craving *oyer* of the writ of attachment,) that it recited that "R. E. Perry was indebted to W. T. Atkins, and he, said Atkins, had made affidavit and given bond," &c., whereas the affidavit stated that Perry was indebted to Hurt, Corbin & Atkins; (after craving oyer of the affidavit,) that it did not show that the defendant resided out of the State, or absconds or secretes himself, so that the ordinary process of law could not be served on him, or that he was about to move his property out of the State, or fraudulently to dispose it."

The justice, on motion of the plaintiff, allowed an amendment of the affidavit, so as to read that "Robert E. Perry is justly indebted to P. T. Hurt, W. A. Corbin and the said W. T. Atkins, partners doing business under the firm name and style of Hurt, Corbin & Atkins," and the bond and writ to be amended so as to correspond.

The defendant excepted to the allowance of these amend-

ments. Thereupon the justice sustained a demurrer to the pleas in abatement. Judgment having been rendered for the plaintiffs, Perry sued out an appeal, returnable to the spring term, 1872, of the circut court, giving a *supersedeas* bond, signed by J. M. Clay and Burns & Co., as sureties. Nothing appears to have been done in the cause until the fall term, 1873, when Perry filed similar pleas in abatement to those filed in the justice's court. These pleas were "quashed and rejected," and a trial was had; which resulted in a verdict for the plaintiffs, and thereupon the court rendered judgment for the amount of the debt and costs, and the judgment entry recites, that "it appearing to the court that J. M. Clay and Burns & Co., are the sureties of defendant, on the appeal bond, to remove the cause from the justice's court to this court by appeal, it is considered that the plaintiff have and recover of the said J. M. Clay and Burns & Co." the amount of the judgment, &c.

It is now assigned for error, that the circuit court "erred in quashing the pleas in abatement, and in rendering judgment against appellant's sureties by their surnames."

REID & MAY, for appellant.

BROOKS, HARRALSON & ROY, *contra.*

BRICKELL, C. J.—There is no error in this record. On an appeal to the circuit court from the judgment of a justice of the peace, the cause must be tried without regard to any defect in the process, or other proceedings before the justice.—R. C. § 2772. If the suit was commenced by attachment, defects in the affidavit or the writ, are, on appeal, cured by the statute.—*Clough v. Johnson,* 9 Ala. 425. The only defenses the circuit court can regard, are such as reach the merits of the case.—*McCrary v. Smith,* 7 Ala. 157; *Slaton v. Apperson,* 15 Ala. 721; *Thompson v. Pierce,* 2 Stew. 427.

If the plea in abatement could ever have been available, it came too late, at the fourth term, after the appeal was returned. It should have been filed at the return term of the appeal.—*Vaughn v. Robinson,* 22 Ala. 519.

The judgment rendered against the sureties on the appeal bond, was properly rendered against them in the names they used in its execution. It is not for them to say, or for the appellant to say, now, that they did not use names by which they are suable.

The judgment is affirmed.