# Staggers *v.* Washington.

| 56 | 225 |
| 99 | 523; |
| 56 | 225 |
| 134 | 578 |

*Statutory Attachment by Landlord, for Rent and Advances on Crop.*

1. *Affidavit for attachment; what defects are not amendable.*—When a statutory attachment is sued out by a landlord against the crop of his tenant (Rev. Code, §§ 2961–2; Sess. Acts 1870–71, p. 19), the affidavit must state that the relation of landlord and tenant exists between the parties, and that the indebtedness is for rent, or advances, or both; and the want of these averments is a fatal defect, which can not be remedied by amendment, in cases commenced in the Circuit Court.

2. *Attachment cases before justice of the peace; what objections are not available on appeal.*—When an attachment case is commenced before a justice of the peace, and taken by appeal to the Circuit Court, no objection can be there raised to the regularity of the proceedings which was not taken before the justice (Rev. Code, § 3296), although it might be fatal to the proceedings if originally commenced in that court.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Martha E. Staggers, against Asa Washington, and was commenced by attachment, sued out before a justice of the peace, on the 30th October, 1876. The affidavit for the attachment was in these words; "Before me, James G. Kelly, personally appeared Martha E. Staggers, who, being duly sworn, deposeth and saith, that Asa Washington is indebted to the [said] M. E. Staggers in the sum of forty-two and 15-100 dollars, after allowing all just set-offs and discounts, said indebtedness being for rents this, and advances made this year by the said Staggers to the said Asa Washington, to enable him to make and gather his crop; and the said Washington is about to, or has disposed a part of his crop, without paying the said landlord's lien for rents and advances; and that this attachment is not sued out for the purpose of vexing or harassing said defendant, or other improper motive." The justice issued an attachment against the defendant's "estate," which was levied on one bale of cotton; and on the trial, he rendered a judgment for the plaintiff. The defendant then took an appeal to a jury; and the jury having returned a verdict against him, he took the case, by appeal, to the Circuit Court, where the plaintiff filed the following complaint: "The plaintiff claims of the defendant the sum of forty-two dollars and 15-100, due on the 1st day of October, 1876, for rent of land for the

(15)

year 1876, and advances made by plaintiff to defendant during the year 1876, in money, provisions, and other supplies, to enable the defendant to make a crop on land rented by plaintiff to defendant for and during the year 1876 " When the case was called for trial, as the bill of exceptions states, "the defendant moved to quash the proceedings, on the ground that the affidavit on which the attachment issued, and the writ of attachment, were defective and insufficient; and thereupon the plaintiff announced herself ready and willing to amend said affidavit and attachment, and moved the court for leave to amend the same. The court denied the motion to amend, and granted the defendant's motion to quash the attachment; to which rulings and decisions the plaintiff excepted." These rulings of the court are now assigned as error.

CLEMENTS & ENOCHS, and CLAXTON & GRIFFIN, for appellant.

WILLIAMSON & COOK, contra.

STONE, J.—The present suit was commenced by attachment, under the act approved March 8, 1871, "to amend section 2961 of the Revised Code."—Pamph. Acts, 19. That statute enacts, that " a landlord has a lien on the crop grown on rented lands, superior to all other liens, for rent on, and advances made to assist or aid in the cultivation of said land for the current year, and is entitled to process of attachment for the recovery of the same, * * * first, when the tenant is about to remove the crop from the premises, without paying the rent and advances; second, when he has removed it, or any portion thereof, without the consent of the landlord."

The questions raised by the present record are—first, whether the affidavit on which attachment issued is amendable under the statute; and, second, whether the present attachment can be amended, so as to make it good. The Circuit Court refused to allow the amendment proposed. Section 2990, Rev. Code, declares that "The attachment law must be liberally construed, to advance the manifest intent of the law; and the plaintiff, before or during the trial, must be permitted to amend any defect of form, in the affidavit, bond, or attachment; and no attachment must be dismissed for any defect in, or want of a bond, if the plaintiff, his agent, or attorney, is willing to give a sufficient bond." The following are cases in which this court has construed the attachment law liberally, "to advance the manifest intent of the law ": *Bruner v. Kinsell,* 42 Ala. 493 ; *Ware v. Todd,* 1

Ala. 199; *Watts v. Womack,* 44 Ala. 605; *Hafley v. Patterson,* 47 Ala. 271; *Hawkins v. Gill,* 6 Ala. 620. The case of *Free v. Hukill,* 44 Ala. 197, is a case of extreme liberality of construction; perhaps, too liberal.

The language of the statute requires much greater latitude and liberality in allowing amendments of bonds, than of affidavits and attachments. Speaking of the amendment of affidavits, this court, in *Sims, Harrison & Co. v. Jacobson,* 51 Ala. 186, announced as the result of our decisions, that in affidavits for attachments, the following are matters of substance: "The existence of a debt, its amount, and that it is justly owing from the defendant to the plaintiff; that some one of the causes for which an attachment may issue exists; and a negation of a purpose to vex or harass the defendant. All else than these is mere matter of form. A misstatement of the amount, or character of the debt, or a misdescription of the plaintiff or defendant, would be, within the meaning of the statute, a matter of form, not of substance."

The present being an attachment for rent and advances, it is not required that the affidavit shall negative a purpose to vex or harass the defendant; while it is obvious that, in another respect, the affidavit must set forth another substantive averment, not required in ordinary attachments; namely, that the relation of landlord and tenant exists, and that the debt sued for is for "rent on, and advances made to assist or aid in the cultivation of said land for the current year." This is substance, and its omission from the affidavit is a fatal defect. Without this, there is no ground for attachment for rent, &c., under the statute.—*Hawkins v. Gill, supra; Tucker v. Adams,* 52 Ala. 254.

The foregoing are rules governing attachments for rent, in suits originally brought in the Circuit Courts, or courts of similar jurisdiction. Under them, it is probable the motion for leave to amend ought to have been allowed.

2. But this was an appeal case from a justice's judgment, where a different rule prevails. The Revised Code (§ 3296) provides, that "No attachment can be quashed or dismissed in the Circuit Court, for any defect of form in the affidavit, attachment, or bond, if the plaintiff is willing and able to execute a sufficient bond; and no objection can be made in the appellate court to the regularity of the proceedings, which was not made before the justice of the peace." It does not appear that any objection was made before the justice of the peace to the regularity of the proceedings in this cause; and hence the motion to quash should not have been entertained. This precise question was considered and de-

[Simpson v. McAllister.]

cided in *Pelham & Paul v. Lebar*, at December term, 1875.—
See, also, *Clough v. Johnson*, 9 Ala. 425.

The judgment of the Circuit Court is reversed, and the
cause remanded.