[Davidson v. Washburn.]

# Davidson *v.* Washburn.

*Petition for Mandamus to Justice of the Peace.*

1. *When mandamus lies to justice of the peace.*—A *mandamus* will not lie from the Circuit Court to a justice of the peace, to compel him to vacate and set aside a judgment by default in an attachment case, on the ground that it was prematurely rendered.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LOUIS WYETH.

In the matter of the petition of William Davidson, for a writ of *mandamus* to Elisha Washburn, a justice of the peace of said county, commanding him to vacate and set aside a judgment by default, rendered by him against said William Davidson, in an attachment case, on the ground that it was prematurely rendered at the return term of the writ. The petition, which was under oath, was filed in the Circuit Court on the 8th March, 1876, and alleged that the attachment was issued by said justice on the 7th February, 1876, in favor of one Jerry C. Walker, claiming one hundred dollars for rent and supplies, and was made returnable before said justice, on the 19th February, 1876; that on that day, the attachment having been levied on the defendant's property, the justice proceeded to render judgment by default against him, for want of an appearance; that after the rendition of this judgment, but at the same term of the justice's court, he appeared by attorney, and moved to set aside the judgment, and to reinstate the cause on the docket for trial at the next term; and that his motion was overruled and refused. The petition alleged, also, that the petitioner was not indebted to said Walker for rent or supplies. P. M. Musgrove, as *amicus curiæ*, filed a demurrer to the petition, on the grounds—"1st, that a *mandamus* will not lie to a magistrate's court; 2d, that the petitioner has an adequate remedy by appeal or *certiorari ;* and, 3d, that the facts stated do not authorize the granting of a *mandamus.*" The court sustained the demurrer, and dismissed the petition; from which judgment this appeal is taken (Session Acts 1868, p. 410, § 1), and it is now assigned as error.

HAMILL & DICKINSON, with RICE, JONES & WILEY, for appellant, cited Rev. Code, §§ 2660, 3220, 3286, 3000; *Standifer v. Toney, Grantland & Co.*, 43 Ala. 70; *Ex parte Jones*, 1

[Davidson v. Washburn.]

Ala. 15; *Etheridge v. Hall*, 7 Porter, 47; *Ex parte King*, 27 Ala. 387; *Ex parte Hendree*, 49 Ala. 360.

STONE, J.—*Mandamus* is an extraordinary legal writ, or process, issued by courts of superior jurisdiction, commanding the exercise of ministerial functions, and, when necessary, directing, controlling, and compelling the performance of such functions, when one who fills an official trust fails or refuses to perform such ministerial duty. In cases falling within this class, the court not only compels action, but directs in what manner it shall be performed. When, however, the powers of this process are invoked, to compel judicial action by inferior courts or magistrates, the rule is different. Such inferior courts or magistrates, when they fail or refuse to do so, will be compelled to entertain and exercise jurisdiction. They will not be controlled in the manner of its exercise, nor directed as to what judgment they shall render. They will be commanded to render a judgment, but not a particular or specified judgment. So, if judgment has been pronounced, no matter how erroneous in law or fact, *mandamus* is not the appropriate remedy for correcting, vacating, or annulling such judgment. It has none of the powers or properties of a writ of error.—See Moses on *Mandamus*, pages 134 *et seq.*

In *Ex parte Koon*, 1 Denio, 644, it was said: "It [*mandamus*] lies to correct many errors of ministerial officers, and even those of courts, when in the exercise of mere ministerial functions. But in no case does it lie to compel a judicial tribunal to render any particular judgment, or to set aside a decision already made."—See, also, *Ex parte Burr*, 9 Wheat. 529; *State, ex rel. v. Bowen*, 6 Ala. 511; *Cuthbert v. Lewis*, 6 Ala. 262; *Ex parte Henry*, 24 Ala. 638; *Ex parte Elston*, 25 Ala. 72; *Ex parte Putnam*, 20 Ala. 592.

The judgment rendered in this cause by the justice of the peace was prematurely rendered; still it was a judgment, finally disposing of the cause in that court. If it had been rendered in the Circuit Court, under similar circumstances, an appeal would have lain to this court, and such judgment would have been reversed.—*Standifer v. Toney*, 43 Ala. 70. If the judgment rendered was substantially unjust, the defendant (petitioner in this cause) could have appealed to the Circuit Court, and there could have had a trial *de novo*. *Mandamus* will be granted, only where there is a specific legal right, and no other specific legal remedy adequate to its enforcement.—2 Brick. Dig. 240, §§ 4-5.

In any view we can take of this case, we hold that the Circuit Court did not err in refusing to award a *mandamus*.

The judgment is affirmed.