# Rice *v.* Clements *et al.* Ex'rs.

### *Attachment.*

1. *Attachments; when triable.*—Under the statute approved December 17, 1873, to regulate the trial of attachment cases, if the defendant is a resident of the State, and the levy is made and notice thereof given him twenty days before the commencement of the term, and the attachment is founded on a debt or a demand due, the return term is the trial term.

2. *Same; notice of levy of, what sufficient.*—The notice of levy and the mode of giving it prescribed by the amendatory act of March 15, 1875, is intended for the benefit of defendant, that he may appear and defend; it is not process in any proper sense, but a mere paper communicating information of the issue and levy of attachment, facts which exist though the plaintiff is dead, and the authority of the sheriff to give notice depends upon these facts and no others.

3. *Same; what notice of sufficient to authorize trial at return term.*—The fact that the sheriff gave such notice after the death of the plaintiff and twenty days before the commencement of the term, but before formal revivor in the name of his personal representative, will not invalidate the notice, or prevent judgment at the return term.

APPEAL from Circuit Court of Tuscaloosa.

Tried before Hon. W. S. MUDD.

Appellees' testator, Rufus H. Clements, commenced this suit by attachment against the appellant, Rice, in November, 1875; Clements died in December, 1875, and the appellees soon after qualified as his executors. The notice of the levy which was served on the appellant in April, 1876, more than twenty days before the commencement of the term at which the cause was tried, recited that it was served "in a certain cause wherein R. H. Clements was plaintiff." At the May term, 1876, the return term of the attachment, the court, at the instance of the appellees, permitted them to revive the cause in their name as executors of Clements, and a judgment was rendered against the appellant. This action of the court is now assigned as error.

S. A. M. WOOD, for appellant.

SOMMERVILLE & MCEACHIN, *contra.*

BRICKELL, C. J.—Prior to the statute of December 17, 1873 (Pamph. Acts 1873, p. 57), suits commenced by attachment were not triable at the the first term after the issue and levy of the attachment.—*Standifer v. Toney*, 43 Ala. 70 ; *Letondal v. Huguenin*, 26 Ala. 552 ; *Napper v. Noland*, 9 Port. 218.   Under that statute, if the defendant is a resident of the State, and the levy is made, and notice thereof given him twenty days before the commencement of the term, and the attachment is founded on a debt or demand which is due, the return term is the trial term.   The mode of giving notice is prescribed by the amendatory statute of March 15, 1875 (Pamph. Acts 1875 p. 183).   Notice was given the defendant in this case in strict conformity to the statute, but it was given after the death of the plaintiff, and before a revivor in the name of his personal representatives.   The sufficiency of this notice to authorize the trial of the cause at the return term of the attachment, is the only question presented by the record.   We think it was sufficient.

The express words of the statute are, that if the cause of action survives, if the suit is capable of revivor, the death or other disability of the plaintiff does not operate an abatement.   On motion, made in term time, when only an order can be made, it is revived without process or notice of any kind, on suggestion of the death or other disability by the party succeeding to the rights and stead of the plaintiff. Revised Code, § 2542.   The suggestion of the death and the revivor in the name of the plaintiff, may be made while the trial is progressing.—*Hatch v. Cook*, 9 Port. 177.   The revivor is a matter of right, and of course, if the death or supervening disability, and the character of the successor in interest, is not contested.

The suit is pending from its commencement, until the court pronounces judgment of abatement.   The revivor which the statute. contemplates is simply the introduction on the record of the proper party to prosecute it, to be bound by the judgment and answerable for costs.   Delay in its prosecution is the mischief sought to be avoided, and the statute proceeds on the hypothesis that the defendant continues before and in the court from the service of the original and leading process.

The notice to the defendant, which places the suit by attachment on an equality as to time of trial with other suits commenced by process requiring personal service, is for his benefit, that he may be present to answer and defend.   It is not process ; it is merely a paper communicating information.

of the issue and levy of the attachment, facts which ·exist, though the plaintiff has died. The authority of the sheriff to give it, depends on the existence of these facts, and no others. The purpose of the statute, a speedy trial of the cause, would be contravened, not promoted, if the ·death or other disability of the plaintiff, of which the sheriff may be ignorant, deprived him of the authority. In such case, a trial of the cause at the first term would be impossible; nor would the defendant have or be entitled to actual notice of the suit. The notice was properly given, and the cause stood for trial at the term at which judgment was rendered.

The judgment is affirmed.