# Knowles *v.* Steed.

79  427
96  437

*Attachment for Rent by Landlord, against Tenant's Crop.*

1. *Affidavit as to removal of crop.*—An affidavit for an attachment at the suit of the landlord, on the ground that a part of the crop has been removed without his knowledge or consent (Code, § 3472, subd. 2), must allege that it was removed from the rented premises, or it is substantially defective.

2. *Attachment in justice's court; what defects are amendable.*—In an attachment case commenced in a justice's court, and removed by appeal into the Circuit Court, the attachment can not be quashed or dismissed "for any defect of form in the affidavit," &c. (Code, § 3693); but the statute does not apply to defects of substance.

3. *Same; objections before justice.*—In such appeal case, "no objection can be made in the appellate court to the regularity of the proceedings, which was not made before the justice of the peace" (Code, § 3693); but, formal pleadings not being required in a justice's court, it is enough if it appears that objection was in fact made.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. LEROY F. BOX.

This action was brought by John W. Knowles, against Alex. M. Steed and his wife; and was commenced by attachment, sued out before a justice of the peace on the 29th November, 1880. The affidavit for the attachment stated, that plaintiff "rented to A. M. Steed and his wife. Susan E. Steed, his undivided half interest in the Steed & Knowles farm for the year 1880, for the sum of one hundred dollars; and that they, as such tenants, have removed a portion of the crops grown on said rented premises, without the knowledge or consent of affiant, their landlord; and that said amount is due and unpaid, in whole or in part," &c. The attachment was made returnable before the justice who issued it, and it was levied by the constable on the defendants' crop of cotton and corn. The defendants appeared, on the return day of the writ, and, as recited in the transcript returned by the justice to the Circuit Court, "moved to quash the affidavit and writ of attachment, on the ground that the affidavit fails to state that the crop, or a part thereof, was removed from the premises; second, that the affidavit states that the removal was without the knowledge

or consent of plaintiff. The court overruled both motions. It was admitted that the same questions were raised [by] a proper plea in abatement, which the court dismissed, and allowed the affidavit to be amended, against the objection of the defendants. Motion was then made to dismiss the attachment, on the ground that it was issued several days before the amendment of the affidavit; which motion was overruled." On appeal to the Circuit Court by the defendants, they again filed a plea in abatement on account of the insufficiency of the affidavit; to which plea the court sustained a demurrer, on account of formal defects, but allowed the plea to be amended; and a demurrer being again .interposed, which was overruled, judgment final was rendered.for the defendants. The plaintiff appeals from this judgment, and assigns it as error, together with the judgment sustaining the demurrer, and the allowance of the amendment to the plea in abatement.

LACKEY & BIRCKHEAD, for appellant.

PARSONS, PEARCE & KELLY, contra.

STONE, C. J.—In *Fitzsimmons v. Howard*, 69 Ala. 590, speaking of affidavits as a leading process in attachments for rent, we enumerated certain jurisdictional averments, which, we said, the affidavit must contain; and, failing in either of them, we declared it was not amendable. We added: "An affidavit, wanting in any of these essentials, will be abated on plea." Among the essentials, we mentioned the enumerated statutory acts of malfeasance by the tenant, which will authorize attachment for rent; the one applicable to this case being, "that the tenant has removed from the premises . . some part of the crop," &c. The affidavit in this case, on which the attachment was sued out, simply averred, "that, as such tenants, they had removed a portion of the crop grown on said rented premises, without the knowledge or consent of their landlord." The affidavit in this case fails to come up to statutory requirements; and the omission being jurisdictional, it was not amendable.—*Staggers v. Washington*, 56 Ala. 225; *Flexner v. Dickerson*, 65 Ala. 129.

It is contended for appellant, that the error noted above was waived by the appeal taken. This is claimed under section 3121 of the Code of 1876, which provides, that appeals from justices of the peace "must be tried according to equity and justice, without regard to any defect in the summons, or other process before the justice." This is certainly the rule as to ordinary defenses.—*Clough v. Johnson*, 9 Ala. 425; *Glaze v. Blake*, 56 Ala. 379; *Perry v. Hurt*, 54 Ala. 285; *Abrams v. John-*

[Donovan v. South & North Ala. Railroad Co.]

*son*, 65 Ala. 465.   There is, however, another section of the Code which governs this case.   Section 3693 of the Code of 1876 declares, that "no attachment can be quashed or dismissed in the Circuit Court, for any defect of form in the affidavit, attachment, or bond, or for want of a bond, if the plaintiff is willing and able to execute a sufficient bond ; and no objection can be made in the appellate court to the regularity of the proceedings, which was not made before the justice of the peace." The present case does not come under the first clause of the section copied, for the defect in the affidavit is not one of form, but one of substance.   Even this, however, to be available in the appellate court, must have been made before the justice of the peace.—*Staggers v. Washington*, 56 Ala. 225.   Objection was made before the justice in this case, and we think sufficiently made.   Except in special cases, of which this is not one, formal pleadings are not required in a justice's court.

We need not consider whether the Circuit Court erred in allowing an amendment of the plea in abatement.   It was sufficient without amendment.

Affirmed.