CLOPTON, J.
The appellant sued out an attachment against the estate of appellee, under sections 2929-2930 of the Code, 1886. The ground upon which the attachment was issued is, as set forth in the preliminary affidavit, that appellee “has fraudulently disposed of some of his property.” It is an ordinary original attachment, sued out for the collection of a debt, without reference to any relation between the parties, other than creditor and debtor, and creating a lien on the property seized; which we shall term a general attachment, for the purpose of distinguishing it from attachments authorized for the enforcement of existing specific liens, which, as has been said, may be regarded as exceptional. Appellee seeks by the action, the foundation of which is the attachment bond, to recover damages for the wrongful and vexatious suing out of the process. The defendants introduced as a defense evidence conducing, to show that the relation of landlord and tenant existed between the plaintiff and defendant in the attachment suit; that the latter was indebted to the former for advances, and had removed a part of the crop grown on the rented premises, without paying plaintiff for the advances, and without his consent. Appellant’s contestation is, that the existence of one of the statutory grounds, upon which a landlord may sue out an attachment for rent and advances, is a full defense to *185 an action on a bond given by tbe landlord to procure tbe issue of a general attachment, though neither of the causes which authorized the issue of such attachment may exist.
The general rule is unquestionable, > that in an action on an attachment bond, the defense is not limited to proof of the particular ground stated in the affidavit, and that proof of any one of the several grounds prescribed by the statute, upon which the particular writ may be sued out, is a complete defense. The rule is rested on the principle, that as the grievance complained of is the wrongful or vexatious suing out of the attachment, no legal damage can be sustained, if any one of the causes existed, which warranted a resort to such process. — Lockhart v. Woods, 38 Ala. 631; Kirksey v. Jones, 7 Ala. 622. But the general rule has also been qualified and limited. In Reynolds v. Culbreath, 14 Ala. 581, which was an action on a bond executed upon suing out an original attachment, the defendants offered evidence tending to show that the plaintiff in the suit, at the time the attachment was sued out, was about to dispose of his property fraudulently, with intent to avoid payment of the debt. By the statute then in force, the ground thus sought to be proved was one of the causes prescribed for which an ancillary, but not an original attachment, might issue. The Circuit Court ruled, that such cause, if shown or proved, was not a defense to the action, but only went in mitigation of damages. After considering the general rule, it is said: “Conceding that the defendant was about to dispose of his property to avoid the payment of the plaintiff’s debt, and still the existence of such a state of things did not warrant an original attachment to' issue, commanding its seizure. This being the case, the evidence adduced by the defendant, if available for any purpose, could not exert greater potency than was accorded to it by the Circuit Court.” The principle is, that though the statute may authorize the issue of attachments of different kinds, and for distinct purposes, in different classes of cases, when resort is had to the process in one class, it is wrongfully sued out, if neither of the grounds prescribed by the statute on which the process may issue in the particular class, exists, though a statutory cause for issuing the writ in some other class may be shown. The form, purposes and effect of'an ordinary general attachment, and of an exceptional attachment, are entirely distinct; the former creates, the latter enforces a lien; the former commands the seizure of the estate gener *186 ally, the latter of the particular property on which the lien exists. It is manifest that there may be legal damage resulting from the issue of an attachment commanding the seizure of property generally, and creating a lien thereon, which could not result from the seizure of particular property, on which a lien has been previously created. In such case, the reason of the general rule ceases. Had the defendant proved the existence of any one of the grounds which warrant a resort to the process for the enforcement of a landlord’s lien, it would not have been a defense to the action.
But the evidence adduced by the defendants did not tend to show the existence of either one of these causes. The evidence introduced for this purpose, as recited in the bill of exceptions, is, that the defendant in attachment “had moved a part of the crop grown on the rented premises, without paying the landlord said advances, and without the consent of his said landlord.” The ground prescribed by the statute is, that “the tenant has removed from the premises, or otherwise disposed of any part of the crop, without paying such rent and advances, or either, and without the consent of the landlord.” — Code, 1886, § 3061. An affidavit, setting forth the grounds in the words of the bill of exceptions, would fail to conform to the statutory requirement, and would be defective. — Knowles v. Steed, 79 Ala. 427.
Affirmed.