# Pilcher *v.* Faircloth.

## *Action of Trover.*

1. *Forfeiture of property used in the removal of liquor to defraud government; effect thereof as to transfer of title to property.* Under the provisions of section 3450 of the Revised Statutes of the United States declaring among other things that animals used for the removal of whiskey or spirits, with the inte:t to defraud the government shall be forfeited to the government, the forfeiture so provided for takes effect immediately upon the commission of the act, vesting the right to the property in the United States, although the title of the general governmet is not perfected until judicial condemnation; and the subsequent condemnation relates back to the time of the commission of the offense and avoids all intermediate sales and alienations even to purchasers in good faith.

2. *Same; construction of revised statutes; "goods" includes animate property.*—Under section 3460 of the Revised Statutes of the United States that "in all cases of seizure of any goods, wares or merchandise as being subject to forfeiture under any provision of the Internal Revenue laws," etc., the collector shall proceed according to a method prescribed therein to have such goods, wares and merchandise listed and appraised and advertised for claimants, and in case no claim is interposed, in thirty days, to sell the same at auction, after publishing notice for ten days of said sale, the terms "goods, wares and merchandise" includes mules or horses used for the removal of whiskey with intent to defraud the government.

3. *Forfeiture of property for violation of revenue laws; purchaser at sale by collector acquires title.*—Where property has been seized by an internal revenue collector as having been used for the removal of whiskey with the intent to defraud the general government, (Revised Statutes of United States, § 3450), and in accordance with section 3460 of the Revised Statutes of the United States the collector has listed and appraised the property and advertised for claimants, and no claim being interposed, published notice for ten days of the sale of said property at auction, such sale upon being made by the collector is

[Pilcher v. Faircloth.]

not without due process of law, and the purchaser of the property at such sale acquires title thereto as against one who does not show that he became the owner of the property prior to its use in the removal of the whiskey in violation of the federal statutes.

The plaintiff claimed to be the owner of said mules by right of purchase from one B. R. Pilcher of his interest in them and by virtue of a purchase from one Faircloth of the purchase money note made by said B. R. Pilcher to Faircloth for the mules; it being stipulated in said note that Faircloth retained the title to the mules until the purchase price was paid. The defendant claimed title to the said mules by virtue of being a purchaser of them at an auction sale made by a deputy United States revenue collector. The other facts of the case are sufficiently shown in the opinion.

Upon the introduction of all the evidence the court, at the request of the defendant, gave the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. Plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

R. D. CRAWFORD and ESPY, FARMER & ESPY, for appellant, cited *U. S. v. Two Bay Mules,* 36 Fed. Rep. 84; *U. S. v. Two Horses,* 9 Ben. 529; *Wilmerding v. Banking Co.,* 126 Ala. 278; 133 Indiana, 472; 4 Pick. (Mass.) 429; *State v. Lynne,* 26 Ohio St., 401.

J. STERNFELDT and W. S. REESE, *contra,* cited Revised Statutes of the U. S., §§ 3450, 3460; *Covell v. Heyman,* 111 U. S. 182; Gould & Tucker's notes to Rev. Stat. under §§ 3450, 3460; *U. S. v. Two Bay Mules,* 36 Fed. Rep. 84.

SHARPE, J.—This suit is to recover for the alleged conversion of two mules. The evidence is without conflict and shows that in May, 1899, the mules were used by persons whose names are not disclosed, to effect a secret and unlawful removal from a distillery ware-

house of spirits on which unpaid taxes were imposed under revenue laws of the United States; that subsequently the mules, with other property, were seized by a deputy United States revenue collector; that the value of the property so seized was less than five hundred dollars, and was sold at auction by the collector after appraisment, advertisement for claimants and notice of sale under section 3460 of the United States revised statutes; that defendant bought the mules at that sale and thereafter withheld them from plaintiff. Respecting plaintiff's title to the mules the evidence shows that before the seizure he bought from B. R. Pilcher his interest in them, and that between the time of the seizure and the sale he bought from Faircloth " a purchase money note made by B. R. Pilcher to said Faircloth for said mules which note retained the title in Faircloth to the two mules."

Section 3450 of the United States Revised Statutes declares in substance among other things, that animals used for the removal of spirits with intent to defraud the government shall be forfeited. It has been held with reference to this statute that it is not the purpose of the internal revenue laws to work the forfeiture of the property of any owner unless he knowingly or negligently contributes to their violation.—*U. S. v. Two Barrels Whiskey*, 96 Fed. Rep. 479. The plaintiff, however, can have no benefit of that principle, for if it be conceded that his failure to claim the property under the provisions of the federal statute did not prejudice his right to assert ownership after the sale—as to which we express no opinion—there is yet a total lack of evidence to show that he became the owner of the mules prior to their use in the removal of the spirits. That use was under the statute referred to, clearly an act of forfeiture, and the doctrine applicable is that declared in *U. S. v. Stowell*, 133 U. S. 1, where it is said by the court that "whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the

right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed, and the condemnation relates back to that time and avoids all intermediate sales and alienations even to purchasers in good faith." See also *Hen-*

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of trover brought by the appellant, G. W. Pilcher, against the appellee, J. R. Faircloth, to recover damages for the alleged wrongful conversion by the defendant of two mules.

*derson's Distilled Spirits,* 81 U. S. (14 Wall.) 44.

Section 3460 of the United States Revised Statutes provides that "in all cases of seizure of any goods, wares or merchandise as being subject to forfeiture under any provision of the internal revenue laws, which in the opinion of the collector or deputy collector making the seizure are of the appraised value of five hundred dollars or less, the said collector shall, except in cases otherwise provided, proceed," according to a method prescribed in the same section, to have such goods, wares and merchandise listed and appraised, and to advertise in a newspaper thirty days for claimants, and in case no claim is interposed within that time to sell the goods, wares and merchandise at auction after publishing notice for ten days of the sale. The term *goods* has often been construed as being broad enough to cover animate property.—Rapaje and Lawrence Dict.; *Hafley v. Patterson,* 47 Ala. 271; *Weston v. McDowell,* 20 Mich. 353; 14 Am. and Eng. Ency. Law, 1079. We find nothing in the language or policy of the revenue statutes to indicate that the words "goods, wares and merchandise" should be so restricted in meaning as to exclude property of the kind in question from the operation of this provision for sale, and are of opinion that the deputy collector was authorized under that provision to make the sale. The sale was not without due process of law, inasmuch as the seizure and publication gave at least

constructive notice of the proceedings, and due opportunity was afforded the plaintiff by these proceedings and the statute, for the interposition and adjudication of his claim.

The evidence showed the defendant by his purchase acquired title to the mules, and the court did not err in charging the jury according to his written request.

Affirmed.