## ALEXANDER v. HUTCHISON.

1. It is no justification that one suing out an attachment, has good reason to believe the fact to be as he states it in his affidavit. If the causes alledged do not exist, he is answerable to the defendant in attachment, for all the · injury he sustains by the suing out of the attachment.

Error to the Circuit Court of Coffee.

THIS was an action brought upon a bond given by the defendant in error, upon suing out an attachment against the plaintiff in error, upon an affidavit that he was about to remove his property out of the State, so that thereby the plaintiff in attachment would probably lose the debt, or have to sue for it in another State.

Upon the trial, the court charged the jury, that if the defendant, when he made the affidavit, had good reason to believe the fact to be as he stated it, in his affidavit, such belief, founded on sufficient reason, in law justified the suing out the attachment, and in that event the jury should find for the defendant, to which charge the plaintiff excepted, and which he now assigns as error.

104 ·

BUFORD, for plaintiff in error.   The statute which takes a-
way the right to plead in abatement, the falsehood of the
cause for suing out the attachment, gives a remedy on the
bond for wrongfully suing it out.   To the maintainance of
an action on the bond, to recover damages, malice is not ne-
cessary; in this respect it is wholly dissimilar to an action
for a malicious prosecution.

WILEY & SAYRE, contended, that the existence of proba-
ble cause for suing out an attachment, was a complete de-
fence to the action.   They cited 4 Mass. 433; 17 Id. 190.

ORMOND, J.—In Kirksey v. Jones, 7 Ala. 622, the ques-
tion presented upon the record was elaborately considered by
this court, and it was then held, "that whenever an attach-
ment is *wrongfully* sued out, and damage is thereby caused
to the defendant in the suit, he is entitled to recover for the
actual injury sustained, by force of the statutory provision."
If in addition to, being wrongfully sued out, that is, if the
facts do not exist which are the alledged cause for resorting
to this extraordinary remedy, it is maliciously, or vexatious-
ly sued out, it will aggravate the damages.

It is evident from this statement, that the court erred in
its charge to the jury, which is in effect, that if the attach-
ment was sued out in good faith, upon the belief that the al-
ledged cause existed, it was a defence to the action.   The
evident design of the legislature was, that one suing out an
attachment, did so at his peril, and if the alledged cause for
suing it out did not exist, he was answerable for all the in-
jury thereby resulting to the defendant in attachment.

Let the judgment be reversed and the cause remanded.