## McCULLOUGH, ET AL. V. WALTON.

1. In an action of debt on the cautionary bond given on suing out an attachment, the declaration must show the process was wrongfully or vexatiously sued out by the plaintiff in attachment, even when it issues upon the affidavit of an agent: and the declaration is bad if it asserts the attachment was wrongfully and vexatiously sued out by the obligors in the bond.
2. If an attachment is wrongfully sued out, the plaintiff is responsible to the extent of the actual injury, but if vexatiously sued out, the case is one for vindictive damages, only in the event that the plaintiff has wantonly or maliciously resorted to the process.

Writ of Error to the Circuit Court of Macon.

DEBT by Walton on an ancillary attachment bond executed by the defendants, McCullough, Knox and Welsh.   The condition of the bond recites the suing out of the attachment by McCullough at the suit of Madegan & Devon is to be void

" if the said plaintiffs prosecute their attachment to effect, and pay and satisfy the defendant all such costs and damages as he might sustain by the wrongful or vexatious suing out of such attachment."

The declaration assigns the breach of the condition in these terms: "And the plaintiff further avers, that the said attachment was sued out by the said defendants wrongfully and vexatiously, and without any reasonable or probable cause for the suing out of the same for wrongful and vexatious purposes; that by such wrongful and vexatious suing out of said attachment, he has sustained damages to the sum, &c. by his slaves being levied on;" &c. &c. stating several matters of special damage, and proceeding to aver that neither the said defendants nor Madegan & Devon, or either of them, have paid such damages, &c.

The defendants demurred, but the court overruled the demurrer.

At the trial, the plaintiff put in evidence the papers of the attachment suit, &c. showing a levy by the sheriff on certain slaves, &c. He then proved that at the time of the levy, he resided about fifteen miles from Tuskegee, on a half section of land; that he had about him eight or ten slaves, and and also had a crop then growing; that at the time of the levy, he was on the grand jury as one of the jurors in Tuskegee.

The defendants then proved that Welsh, one of the parties to this suit, informed McCullough, the agent of Madegan & Devon, that the plaintiff was about to remove his property out of the State, and was then preparing to do so. McCullough therefore went to the attorney of Madegan & Devon and asked his advice whether or not he should sue out an attachment, and being by him advised to do so, that course was pursued.

On these facts, the defendants asked the court to charge:

1. That if Welsh made the statement above set out to McCullough, and that thereon the attorney advised the suing out of the attachment, and that McCullough acted honestly on that advice, then they should find for the defendants, although the attorney was mistaken in law. This was refused.

2. That to enable the plaintiff to recover special damages,

he must show there was no probable cause for the attachment, and must also show he had sustained special damage in his credit by the transaction. This was given with the qualification that the jury must look to all the circumstances of the case, and from them determine whether the defendants proceeded without probable cause and vexatiously; and if they so found, and should also find that special damages had resulted to the plaintiff, then the case would be within the requisitions of the law.

3. That probable cause in this action did not depend on the actual state of the case in point of fact, but on the honest and reasonable belief of the party suing out the process; and if they believed that Welsh told McCullough as above stated, and McCullough honestly believing it to be true sued out the attachment, then they must find for the defendant. This was refused.

The plaintiff, in the course of the trial, offered a witness to prove that several of his neighbors were in Tuskegee on the day the attachment was issued. The defendants objected to this evidence, but it was allowed.

The defendants excepted to several rulings of the court, and now assigns these as grounds for reversal, and also the judgment sustaining the declaration.

JAS. E. BELSER and WM. P. CHILTON, for plaintiff in error, insisted:

1. The court erred, in permitting proof to be made, that several of the neighbors of the defendants in error, were in Tuskegee on the day the attachment was issued. Such proof was irrelevant and calculated to mislead the jury. [Powell v. Governor, 9 Ala. 36; Yarborough v. Moss, Ibid, 382; Ibid, 251.] The impression doubtless attempted to be created by such proof was, that the agent who sued out the attachment, ought to have inquired of them as to the condition, situation and intention of Walton, and that if he did not, his negligence should have enhanced the damages. Now if plaintiff in error had attempted to rebut such proof, it would open the door to endless litigation and difficulty. [Innerarity v. Byrne, 8 Porter, 176; Ibid, 511; 4 Ala. 40; 6 Ala. 407.] If irrelevant testimony be admitted, which could pre-

judice the party complaining, the court should reverse. [7 Ala. 379; 9 Ala. 251.]

2. It is doubtful, whether the other errors assigned, are covered by the case of Alexander v. Hutchinson, in our court, particularly the second charge, with the qualification. [9 Ala. 825.]

3. The demurrer .to the declaration should have been sustained.

G. W. GUNN, for the defendants in error, made the following points:

1. There is no error in the judgment of the court upon the demurrer, neither is there any error in the charges of the court as given. [See Kirksey v. Jones, 7 Ala. 622; Alexander v. Hutchinson, 9 Ala. 825.]

2. The action being assimilated to case for malicious prosecution, any evidence conducing to show that the party suing out an attachment had all the means at hand to ascertain whether he could safely resort to the process of attachment, or which may show a criminal negligence on his part, is properly admissible; at all events the same was not so irrelevant as to have justified its exclusion. [1 A. K. Marsh, 3; 7 A. R. 622; Bethea v. Taylor, 3 S. 482; 9 P. 336.]

GOLDTHWAITE, J.—1. By referring to the statement of the case, it will be seen the attachment was sued out by one of the obligors in the bond as the agent of Madegan & Devon, and at their suit. The declaration alledges the attachment was wrongfully and vexatiously sued out by the defendants tothis suit; and hence the question arises on the demurrer, whether these parties are answerable on the bond given by them, unless it is shown the attachment was wrongfully or vexatiously sued out by Madegan & Devon. Our statutes allow this process to be sued out by an agent, or attorney, as well as by the plaintiff in person, but in either event the cautionary bond is the same. Its condition is, that the *plaintiff* shall prosecute his attachment to effect, and pay the defendant all such costs and damages as he may sustain by the wrongful or vexatious suing out of the attachment. We think it very clear, that the object in requiring

this bond to be given was, to furnish the defendant in attachment with an adequate security against any costs or damages he should sustain from the wrongful or vexatious act of the plaintiff, and there is nothing in the terms of the bond, or of the enactment, which prescribes it, to indicate it was also intended as a security against the malicious act of the agent. In Herndon v. Forney, 4 Ala. Rep. 243, and Hill v. Rushing, Ib. 213, we had occasion to consider the subject of suits on these bonds to some extent, and in that last named, held, that whenever the injured party sued directly on the bond, instead of pursuing the plaintiff in attachment, by action on the case, the suit in all respects was governed by the rules applicable to that action. We do not question that a party injured by the unlawful or wrongful act of an agent, may have a direct action against the agent or his principal, but it is only as to the latter that the statutory bond stands as a security. This will be evident if we suppose several actions against the plaintiff and the agent, and after a recovery, the attempt to enforce the bond, on the ground that the judgment against the latter was unpaid. Again, suppose the agent acting maliciously, and the plaintiff in the attachment merely wrongfully, could it be asserted that he, or the obligors in the bond, were bound to answer the malicious act? The decision of this court in Kirksey v. Jones, 7 Ala. Rep. 622, contains a decisive answer to the last question. We there held, that a plaintiff in attachment was responsible for the actual damages sustained by the wrongful suing out of an attachment by an agent, and that he would not be responsible in any greater degree, if his agent was influenced by malicious motives. It is true, the case last cited, was the ordinary action on the case, but as the action on the statutory bond is governed by the same rules, the decision is entirely applicable to the case in hand. The decision made in Alexander v. Hutchinson, 9 Ala. Rep. 825, has no immediate bearing on the point we are now considering, as there, the plaintiff in the attachment sued it out in person, and we held, as in Kirksey v. Jones, that the mere belief in the existence of probable cause, was no justification for wrongfully suing out the process. It is obvious from what appears in this cause, that it is presented as if the act of the agent, in

suing out the attachment was the act intended to be litigated, and in this view we think the declaration is bad.   The only questions which can arise in a suit on a bond like this, is whether the plaintiff wrongfully or vexatiously sued out this attachment.

If it was wrongfully sued out, then the plaintiff is responsible to the extent of the actual injury sustained, but if vexatiously also, the case is one for vindictive damages, only in the event that the plaintiff has wantonly or maliciously resorted to the process.

The result of our examination on this point is, the reversal of the judgment, but the cause will be remanded as the declaration can be amended.   It also renders it unnecessary for us to examine the charges requested, or refused, as what we have said here, and in the other cases referred to, is supposed to be sufficient for the future guidance of the cause. The question in regard to the evidence admitted against the objection of defendants, is unimportant in the present condition of the case, and therefore we do not consider it.