Dally et al. v. Young.

## Charles M. Dally et al.
### v.
### Elbert S. Young.

1. Judgment—Must be against all.—A judgment at law must be a unit, and being erroneous as to one defendant, it must be reversed as to all.

2. Malicious prosecution—Acts of agent.—The evidence fails to show that one of the defendants, L, in any way aided, advised or consented to the prosecution of the plaintiff by his sub-agent D, and the judgment cannot be supported as to him. The fact of such agency would not of itself make him liable for a criminal prosecution commenced without his knowledge by a sub-agent. The principal will not be liable unless, with knowledge of all the circumstances, he adopts and continues such prosecution.

Appeal from the Circuit Court of McLean county; the Hon. Owen T. Reeves, Judge, presiding.

Messrs. Bloomfield & Hughes, for appellants; that there must be malice and want of probable cause, to entitle a party to recover in actions for malicious prosecution, cited Anderson v. Friend, 85 Ill. 135; Leidig v. Rawson, 1 Scam. 272; Jacks v. Stimpson, 13 Ill. 702; McBean v. Ritchie, 18 Ill. 114; Bourne v. Stout, 62 Ill. 261.

Acquittal of accused does not imply want of probable cause: McBean v. Ritchie, 18 Ill. 114; Israel v. Brooks, 23 Ill. 575; Thorpe v. Balliett, 25 Ill. 339; Anderson v. Friend, 85 Ill. 135.

If the prosecution in controversy is not shown to have been

tried on its merits, actual malice must be shown in a proceeding for malicious prosecution: Hurd v. Shaw, 20 Ill. 354; Ross v. Innis, 26 Ill. 259; Wicker v. Hotchkiss, 62 Ill. 107; Ames v. Snider, 69 Ill. 376; Anderson v. Friend, 71 Ill. 479; Anderson v. Friend, 85 Ill. 135.

If the prosecutor acts under the advice of a respectable attorney, given after full and fair presentment of all the facts, he will be protected: Anderson v. Friend, 85 Ill. 135.

Probable cause is a reasonable ground for suspicion, sufficiently strong to warrant a cautious man in the belief of the guilt of the person accused: Davie v. Wisher, 72 Ill. 262.

A judgment must be against all the defendants or none: Earp v. Lee et al. 71 Ill. 193; Jansen et al. v. Varnum et al. 11 Chicago Legal News, 59.

Messrs. ROWELL & HAMILTON, for appellees; that the witness was allowed to give the whole of his statement to counsel, and it was not error to refuse to allow him to be led by direct questions, cited Whitefield v. Westbrook, 40 Miss. 311.

The prosecution of a person criminally with any other motive than that of bringing him to justice, is a malicious prosecution: Krug v. Ward, 77 Ill. 603.

The term malice in this action is to be considered as denoting that the party is actuated by improper and indirect motives: Harphan et al. v. Whitney, 77 Ill. 32.

Advice of counsel must be sought in good faith, and a full statement of all the facts must be made: Murphy v. Larson, 77 Ill. 172; Ross v. Innis, 26 Ill. 259; Kimmel et al. v. Henry, 64 Ill. 505.

PER CURIAM. This was a suit brought by appellee against appellants, Charles M. Dally, E. Lathrop and the Remington Sewing Machine Company, in case, for a malicious prosecution.

The declaration avers that on the 9th day of January, 1876, the defendants, Charles M. Dally acting for himself and on behalf and at the instigation of the defendants E. Lathrop and Remington Sewing Machine-Company, appeared before a justice of the peace and falsely, maliciously, and without any

Dally et al. v. Young.

reasonable and probable cause charged the plaintiff with having in his possession $1,000, in promissory notes, drawn in favor of the Remington Sewing Machine Company, and $90 in money of the goods and chattels of said company, and that he had embezzled the same.

A verdict and judgment were rendered against all the defendants below for $3,000 and the case is brought here and numerous errors assigned, but as this case will be submitted to a jury again, we do not feel called upon to discuss questions involving a consideration of the evidence. We have examined the record carefully, but find no evidence in it showing or tending to show that defendant Lathrop either aided, abetted, advised or consented to the prosecution of appellee, or that he ever had any knowledge of such prosecution until after he was discharged from arrest and the prosecution dismissed.

The judgment at law must be a unit, and being erroneous as to one, must be reversed as to all. Jansen et al. v. Varnum, 11 Chicago Legal News, 59.

It is true, Lathrop was the general agent of the company at Chicago, and that Dally was a sub-agent at Bloomington, and subject to his jurisdiction in all matters pertaining to the business of the company, but this circumstance of itself would not make him liable for a criminal prosecution commenced by Dally without his knowledge or consent.

Where an agent institutes a malicious prosecution of his own head, and without the instigation or direction of his principal, the latter will not be liable for the same, unless he adopts and continues the same with knowledge of all the circumstances. 2 Addison on Torts, p. 758; Burnop v. Albert, Taney's C. C. Dec. 244; Stevens v. Midland Co. R. W. Co. 10 E. C. L. R. 351. Judgment reversed and cause remanded.

Reversed and remanded.