WM. POWELL v. CHRISTIAN E. GEISENDORFF AND ISAAC THALMAN, *partners as C. E. Geisendorff & Co.*

RES ADJUDICATA, *Extent of, in Case Stated.* Where P., who resides in Kansas, commences an action before a justice of the peace in Kansas against G., who resides in Indiana, and P. also at the same time institutes attachment and garnishment proceedings in such action, and P. procures service of summons by publication in a newspaper only, and P. obtains a judgment against G. for the amount claimed, and also obtains an order against the garnishee, who is a debtor of G., requiring him to pay the amount of such judgment, which the garnishee does, and P. accepts such amount in satisfaction of said judgment, but G. did not at any time owe P. anything, nor did P. at any time have any cause of action against G., and G. did not in fact have any notice of said suit, or attachment, or garnishment proceedings until long after they occurred, *held*, that nothing in said action, except the disposal of the money or property obtained by virtue of said attachment and garnishment proceedings, and the title thereto, is *res adjudicata*, and that G. may maintain an action against P. for the damages occasioned by the wrongful obtaining of said money.

*Error from Lyon District Court.*

ACTION by *Geisendorff & Co.* against *Powell*, to recover damages for the wrongful obtaining of money belonging to the plaintiffs. Trial and judgment for the plaintiffs, at the September Term, 1879, of the district court. *Powell* brings the case to this court. The opinion contains a sufficient statement of the facts.

*Sterry & Sedgwick*, for plaintiff in error.

*Cunningham & McCarty*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced before a justice of the peace of Lyon county, Kansas, by C. E. Geisendorff & Co., against William Powell, to recover damages for the wrongful obtaining of money belonging to the plaintiffs. The facts of the case, so far as it is necessary to state them, are substantially as follows: In 1877, and subsequently, Geisendorff & Co. resided at Indianapolis, Indiana, and Powell resided at Emporia, in Lyon county, Kansas. D. Thomas, who also resided at Emporia, owed Geisendorff & Co. about $152.24. Neither Geisendorff & Co. nor Powell owed the other anything, nor did either have any cause of action against the other; but Powell nevertheless sued Geisendorff & Co., before a justice of the peace of said Lyon county, for $73.15 and costs, for (as Powell alleged in his bill of particulars) "money paid, laid out and expended for the use and benefit of said defendants, and at their special instance and request." Attachment and garnishment proceedings were also had in the case. Powell procured service of summons on Geisendorff & Co. by publication in a newspaper, and garnisheed said D. Thomas. Geisendorff & Co. made no appearance in the case, nor did they know anything about the case until long afterward. Thomas answered as garnishee. Powell obtained a judgment against Geisendorff & Co. for the amount he claimed, with costs, amounting to $84.15, and also obtained a judgment ordering Thomas to pay such amount into court, in satisfaction of such judgment, which Thomas did; and Powell received the same in satisfaction of such judgment. Geisendorff & Co. did not have any notice, in fact, of any of these proceedings until some time after they occurred; and when they did obtain actual notice thereof, they commenced this action. This action was commenced on February 13, 1878, before a justice of the peace of said Lyon county, by Geisendorff & Co., against Powell, to recover from Powell the sum of $84.85, with interest and costs, because and on account of said wrongful suit and attachment proceedings brought by

Powell against Geisendorff & Co., and because of the wrongful obtaining of said money. The plaintiffs' bill of particulars in this case set forth all the facts of their case, and in much greater detail than we have stated them, so that if the plaintiffs had a cause of action at all, upon all the facts of their case, or upon any portion of them, they certainly set it forth in their bill of particulars. Judgment was rendered in favor of the plaintiffs, in the justice's court, and the defendant appealed to the district court, where the same judgment was again rendered, and the defendant then, as plaintiff in error, brought the case to this court.

We think that the only substantial question involved in this case is, whether the facts of the case authorize the judgment that was in fact rendered. It is immaterial whether the court below considered the action as an action merely upon the attachment bond, or as an action upon all the facts, including such bond; as all the facts were set forth in the plaintiff's bill of particulars, and proved on the trial. Powell's suit against Geisendorff & Co., was certainly wrongful; the attachment was wrongfully obtained; the garnishment proceedings were also wrongful; the obtaining of said $84.85 from Thomas was undoubtedly wrongful; and indeed the whole proceeding from beginning to end was wrongful, and Powell gave an attachment bond signed by himself and one J. M. Hays, binding the obligors unto Geisendorff & Co., "in the sum of $200, conditioned that said plaintiff [Powell] will pay said defendants [Geisendorff & Co.] all damages which they may sustain by reason of the attachment in this cause, if the order therefor be *wrongfully* obtained."

That all the proceedings in the case of Powell against Geisendorff & Co., including the obtaining of said $84.85 from Geisendorff & Co.'s debtor, we think must be admitted were wrongful. That is, they were wrongful in fact, however we may consider them in law; and being wrongful in fact, have Geisendorff & Co., any remedy? Powell, through his counsel, says not. And the principal if not the only reason for so saying is, that the whole subject-matter of the

controversy has been settled, and adjudicated finally and con-
clusively, by said attachment suit of Powell against Geisen-
dorff & Co.  Counsel claim that although in fact said $84.85
may have been obtained wrongfully from Geisendorff & Co.'s
debtor, yet that in law, the question of the rightfulness or
wrongfulness of the transaction was adjudicated and settled
in said attachment suit; that the matter has thus become *res
adjudicata;* and that as the judgment in that suit authorized
the payment by Thomas, and the reception by Powell of said
$84.85, the whole thing must now be considered as rightful.

Counsel are probably partially right, and partially wrong.
The disposal of said $84.85 has probably been conclusively
adjudicated, and therefore no question tending to disturb the
title to this money can now be raised by any of the parties.
The court had jurisdiction over the money, and therefore, for
the purpose of its disposal, had the power to determine all
questions necessary for its disposal; but with the determina-
tion of these questions for this purpose, the power of the
court terminated.  It could not determine any question that
would be binding upon Geisendorff & Co. personally, for it
did not have jurisdiction over their persons.  With regard
to Geisendorff & Co. personally, the court could not say that
the transfer of said money from Geisendorff & Co., or from
Thomas to Powell, was right; and with regard to them per-
sonally, no judgment rendered in the case could be consid-
ered as *res adjudicata.*  This we think has been settled in
the case of *Hoshaw v. Hoshaw,* 8 Blackf. (Ind.) 258.  See
also *Melhap v. Doane,* 31 Iowa, pp. 399–407, and authorities
there cited.  See also *Alexander v. Hutchison,* 9 Ala. 825, 826.
See also 1 Greenleaf on Evidence, § 542, which reads as fol-
lows:

"Proceedings also by creditors against the personal prop-
erty of their debtor, in the hands of third persons, or against
debts due to him by such third persons (commonly called the
process of foreign attachment, or garnishment, or trustee pro-
cess), are treated as in some sense proceedings *in rem,* and are
deemed entitled to the same consideration.  But in this last

class of cases we are especially to bear in mind, that, to make any judgment effectual, the court must possess and exercise a rightful jurisdiction over the *res,* and also over the person, at least so far as the *res* is concerned, otherwise it will be disregarded; and if jurisdiction over the *res* be well founded, but not over the person, except as to the *res,* the judgment will not be either conclusive or binding upon the party *in personam,* although it may be *in rem.*"

See also Story on Conflict of Laws, §§ 549, 592*a.*

Therefore, upon reason and authority, we are inclined to think that, as between Geisendorff & Co. on the one side and Powell on the other, and in a proceeding not intended to overturn or question the title to the property obtained by virtue of the attachment and garnishment proceedings, nothing is *res adjudicata;* and therefore upon the facts pleaded and proved in this case, we think the judgment of the court below is correct, and must be affirmed.

All the Justices concurring.