Opinion by
Willson, J.

(Transferred from Austin.)

§ 308. Attachment; liability of plaintiff in, for act of agent in suing out writ of. Appellants, by their agent, sued out a writ of attachment against appellees, and had their property seized thereunder. Appellees pleaded in reconvention, claiming actual damages, alleging that the writ was wrongfully sued out, and also claiming exemplary damages, alleging that the writ was sued out maliciously and without probable cause. The judgment of the court awarded appellees $400 exemplary damages, but found no actual damage. Appellants contend that they are not liable for exemplary damages, the writ having been sued out by their agent. Held: In Wallace v. Finberg, 4G Tex. 3G, it is said, “If the agent who makes the affidavit and bond acted maliciously in doing it, he is responsible; but his malice would not be imputed by ¡iresumption to his principal, while his bad judgment in wrongfully suing out the writ would be.” In Willis & Bro. v. McNeill, 57 Tex. 465, it was held that “to make the principal liable for exemplary damages because of the malice of his agent, the evidence must show that he had knowledge of, and participated in, the malice, or afterwards ratified, adopted or approved the malicious acts.” [Citing Wallace v. Finberg, supra, and Hays v. R. R. Co. 46 Tex. 2†2.] We deduce from the cases above cited, and other authorities we have examined, the following conclusions: 1. If the principal authorized and directed the agent to sue out the attachment, or, knowing his purpose to do so, sanctioned his action, he is liable for the malice of the agent. 2. If the principal, although he did not in any manner participate in the malicious acts of the agent, yet, if he afterwards ratified, adopted or approved the same, he is liable for the malice of the *267 agent. [Drake on Attach. § 182; Cooley on Torts, 534; Story on Agency, § 455; Kirksey v. Jones, 7 Ala. 622; McCulloch v. Walton, 11 Ala. 492; Wood v. Weir, 5 B. Monroe (Ky.), 544; Marshall v. Betner, 17 Ala. 832.] In this case, the evidence warranted the court in finding that appellants not only authorized and directed their agent to sue out the attachment, but also that, they ratified, adopted and approved his acts in the premises.
October 11, 1884.
§309. Want of probable cause; malice may be inferred from. It was satisfactorily shown that the attachment was sued out without probable cause, but there was no evidence of malice, further than that showing a want of probable cause. But it is well settled, that, when a want of probable cause is shown, malice may be inferred, and this inference may supply proof thereof. [Willis & Bro. v. McNeill, 57 Tex. 465; Culberson v. Cabeen, 29 Tex. 255; W. & W. Con. Rep. § 38.]
Affirmed.