GEORGE OBERNE ET AL.

V.

MARY O'DONNELL.

*Attachment—Malice—Agent—Ratification—Evidence—Instructions.*

1. The mere fact that a person is acting as the agent of another in the collection of a debt, does not render the latter liable for his maliciously suing out an attachment.

2. The agent in such case is alone liable unless it can be shown that the principal in some manner aided, abetted, advised or consented to, or adopted or ratified such act.

3. While a principal may render himself liable for the tort of his agent by receiving and appropriating the fruits thereof, in order that such appropriation shall amount to a ratification so as to charge the principal, it is indispensable that he shall be shown to have had full knowledge of all the material facts and circumstances of the tort.

4. In an action brought to recover damages for the malicious suing out of, and levying an attachment on the property of the plaintiff, this court holds, that in view of the giving of erroneous instructions touching the rule of liability of principals for the torts of their agents, the judgment in her behalf can not stand.

[Opinion filed December 24, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. McClellan, Cummins & Moulton, and Robert Mather, for appellants.

Messrs. Case, Judson & Hogan and E. F. Masterson, for appellee.

Moran, J.   This was an action to recover damages for maliciously suing out and levying an attachment on the property of appellee.

Appellee kept a retail grocery, and was indebted to the firm of Oberne, Hosick & Co. for a small bill of goods purchased from them.   The account was sent by the bookkeeper of Oberne, Hosick & Co. to a law firm for collection, with information that the matter required immediate attention. Appellant Little, a clerk for the firm of lawyers, was sent with the bill to find appellee and collect the same.   He did not find appellee, but learned that she was out of town, and had gone to Omaha, and certain other facts and circumstances which he related to one of the firm of lawyers, and was by him directed to bring an attachment suit against appellee. Little made the affidavit for attachment and procured an attachment writ to be issued by a justice of the peace and caused the same to be levied by a constable on the stock and fixtures of appellee while she was still absent in Omaha. When the attachment suit came on for trial, appellee was present and defended the same with the result that the attachment was quashed, but the justice rendered judgment for the amount of bill, $20.50, in favor of Oberne, Hosick & Co. and against appellee, and an execution was immediately issued and levied on the goods which had been seized on the attachment writ, and they were sold under said execution for a sum slightly less than the amount of the judgment.   Appellee's evidence tended to show that the goods taken under the attachment, were worth from $175 to $185.   There was a

verdict and judgment in favor of appellee and against all the appellants in the court below for $800.

In determining the case on the record as presented here, we do not deem it necessary to state all the facts in detail, nor to discuss all the points made by counsel for appellants as grounds for reversal; we content ourselves with the statement of such facts, and the discussion of such questions of law arising on the record as will make clear the errors on which we rest the reversal of the judgment.

There is no evidence in the record tending to show that Oberne or Hosick ever directed the bringing of the attachment suit, or that they, or either of them, had any knowledge that such attachment had been brought against appellee, or any attachment levied on her goods, before the commencement of this malicious prosecution suit against them.

Assuming, for the purpose of the present discussion, that Little acted maliciously and without probable cause in suing out the attachment against appellee, it does not follow that either of the other defendants are liable for such acts, nor can either be made liable unless it is shown that such one in some manner aided, abetted, advised or consented to, or adopted or ratified such act. The mere fact that Little was acting as the agent of said Oberne & Hosick in collecting the debt, will not make them liable for his act in maliciously suing out the attachment. "When the agent institutes a malicious prosecution of his own head, and without the instigation or direction of his principal, the latter will not be liable for the same, unless he adopts or continues the same with knowledge of all the circumstances." Dally et al. v. Young, 3 Ill. App. 39, and authorities cited.

Where an attorney at law authorized to collect a debt, acts maliciously in swearing out an attachment, his malice will not be imputed by presumption or implication to his principals, though the attorney himself is, no doubt, liable for the wrong. Kirksey v. Jones, 7 Ala. 622; McCullough v. Walton, 11 Ala. 492; Wood v. Weir, 5 B. Mon. 544.

It was contended, however, on the trial, that Oberne & Hosick became liable for the act of Little by ratification, in

Oberne v. O'Donnell.

receiving the money obtained by the sale of the goods which had been attached, and the court gave to the jury, at the request of plaintiff, the following instruction, numbered 2: " The jury are instructed, that if a tort or wrong is committed by an agent, in the course of his employment, while pursuing the business of his principal, and it is not a wilful departure from such employment and business, the principal will be liable for the act, if ratified by him by accepting the benefit thereof, even though he had no knowledge of the agent's act at the time." This is a very bad instruction. It is viciously misleading in its tendency, though abstract in form, because it confusedly mingles fragments of principles of the law of agency, in such a manner that, taken as a whole, the proposition which it states is utterly indefensible. The statement that the principal becomes liable for the tort of the agent if ratified by him by accepting the benefit thereof, even though he had no knowledge of the agent's act at the time, is directly contrary to the well established doctrine.

· A principal may render himself liable for the tort of his agent by receiving and appropriating the fruits thereof, but in order that such appropriation of the fruits shall be held a ratification, so as to charge the principal, it is indispensable that he shall be shown to have full knowledge of all the material facts and circumstances of the tort. Wilson v. Tumman, 6 Man. & Gr. 236; 2 Hilliard on Torts, 411; Mechem on Agency, Sec. 148. This rule applies to contracts as well as to torts. McCormick v. Nichols, 19 Ill. App. 334; Bensly v. Brockway, 27 Ill. App. 410; International Bk. v. Ferris, 118 Ill. 465.

In addition to this statement of the rule of law in plaintiff's instruction above set out, the court erred in the same respect in modifying defendant's instruction numbered 8, which, as given, was as follows, the court's modifications being in italics:

" The court instructs the jury that the plaintiff can not recover against the defendants Oberne & Hosick unless she shows by a preponderance of the evidence that the said defendants directed or authorized the suing out of the writ of attachment therein, and that in so doing they were actuated with

malice toward the plaintiff and acted without probable cause; and if the jury believe, from the evidence, that the said writ of attachment was sued out by the attorney for said Oberne and the said Hosick without their knowledge, then the said Oberne and the said Hosick are not liable to the plaintiff herein, *unless they ratified the same by sharing in the benefit thereof subsequently.*"

Defendant's 13th instruction was given with the same improper modification, but should have been given as asked.

For error indicated, the judgment must be reversed and the case remanded.

*Reversed and remanded.*