## DICKERSON v. D. & J. B. WALKER.

1. A judgment *nisi* against a garnishee, must be for a sum certain, and cannot be rendered for an uncertain amount, to be ascertained by a judgment to be afterwards rendered.

2. The final judgment rendered against a garnishee, cannot be extended beyond, or be variant from the judgment *nisi*, of which it is a mere confirmation.

Error to the Circuit Court of Dallas County.

IN this case the plaintiff in error was cited to appear and answer as a garnishee upon an affidavit of the defendants in error, that they had obtained judgment against Pell & Carpenter and John Gordon, for two hundred and sixty nine and forty-one hundredth dollars, that the writ of *fieri facias* had been returned "no property found," and that they believed the plaintiff in error had funds of the defendants to said judgment, in his hands.

The plaintiff in error being cited, failed to appear, and judgment by default, was entered against him, " for the amount that the said plaintiffs may recover of the said Carpenter & Gordon, unless the said Dickerson appear at the next term of the Court," &c. Upon the return of the *scire facias*, judgment final was entered against the garnishee, for "two hundred and sixty nine and forty-one hundredth dollars, the amount of the judgment recovered by the said plaintiffs of Carpenter & Gordon, besides costs, &c."

The garnishee prosecutes this writ of error, and assigns for error—

1st. That there is no sufficient judgment *nisi*.

2d. The Court erred in rendering final judgment.

PORTER, for the plaintiff in error.

ORMOND, J.—It is an established principle that a judgment to be binding, must be certain and complete in itself, without

Dickerson v. D. & J. B. Walker.

reference to any thing else by which to ascertain its meaning. Draughan and others v. The Tombeckbee Bank, [1 Stew't. 66.] The Tombeckbee Bank v. Strong's Executors, [1 Stewart & Porter 187.]

The final judgment rendered against a garnishee is merely a confirmation of the interlocutory judgment, previously rendered. It follows necessarily, that the final judgment cannot be extended beyond, or be different from, the previous judgment rendered on condition. It cannot avail therefore, on the principles here laid down, that the final judgment is for a certain sum, as its binding efficacy must depend on the previous conditional judgment, of which the final judgment is the mere confirmation. If the conditional judgment is erroneous, an affirmance of it cannot cure the defect.

It is possible that in a suit commenced by original attachment, where the process is levied on a debt in the hands of another summoned as a garnishee, and who fails to appear, that it may be allowable to enter a judgment *nisi*, against him, similar to the present, from the necessity of the case, as he might otherwise, by his contumacy, prevent the plaintiff from obtaining judgment on the attachment. But this garnishment was sued out on a judgement previously obtained; and for the reasons given cannot be sustained.

Let the judgment be reversed, and the cause remanded.