9   969
101   329

9   969
115   428

## CARVILLE, use of WAMACK v. REYNOLDS.

1. A witnesses certificate is not an open account, so as to be barred by the statute of limitations of three years.
2. Such a certificate assigned, will enable the assignee to sue in the witness' name, for his use, and the amount to be recovered does not depend on the sum paid for the certificate by the assignee.
3. It is competent for the party, notwithstanding the certificate, to show that the witness undertook before the services were rendered to attend gratuitously.

Error to Dallas Circuit Court.

122

SEVERAL suits were commenced in a justice's court, in the name of Carville against Reynolds, to recover small sums due on witnesses certificates to Carville, who was summoned at the instance of Reynolds, in a suit where he was defendant, and one Atkinson plaintiff. These certificates were all issued on the 2d November, 1840. The justice gave judgment for the defendant, and the plaintiff appealed to the Circuit Court, in which the cases were consolidated, and a declaration filed. The defendant pleaded, 1. Non assumpsit. 2. Statute of limitations of three years. 3. Statute, &c. of six years. The plaintiff demurred to the second plea, but the court overruled the demurrer.

At the trial, it was in evidence that Wamack, for whose use the suit is, previous to commencing the suit, had given four dollars for the certificates. He demanded payment of defendant, who refused to pay. It was also in evidence, Carville, previous to the transfer of the certificates to Wamack, repeatedly said, before he attended as a witness, and while the suit was pending, in which he was subpœnæd, and after that was determined, that he would not charge the defendant for attending Court as a witness. On this state of proof, the plaintiff requested the court to charge the jury, 1. That the price paid by Wamack for the certificates, did not affect the liability of the defendant. This was given, but in connexion with it, the court charged, that it would have an influence on the amount of the plaintiff's recovery; 2. That any statement or promise by Carville to the defendant, that he would charge nothing for attendance as a witness, was a promise without consideration, and void, and did not affect the right of the plaintiff to recover. This was refused. 3. The court charged the jury, that if the demand was not made of the defendant within three years after the certificates were obtained from the clerk, the plaintiff could not recover, without showing a subsequent promise.

The plaintiff excepted to the charges as given, and to the refusal to charge as requested, and now assigns the same matters as error.

G. W. GAYLE, for the plaintiff in error, cited Digest, 601, § 12; ib. 602, § 16; Hill v. Proctor, 1 Ala. Rep. 576; Findlay v. Wyzer, 1 Stewart, 23.

G. W. EVANS, contra, argued, 1. That as the verdict was for the defendant, the error, if there is any, in the first charge, is immaterial.

2. Although the compensation for a witness is ascertained by statute, yet he has a right to waive it, and attend gratuitously. [Chitty on Con. 347, 575, 542.]

3. It admits of serious question, whether the act limiting suits on open account, (Digest, 328, § 88,) does not extend to a suit like this. The definition of open accounts, as given in Woods v. Harrison, 6 Ala. Rep. 443; Sheppard v. Watkyns, 1 ib. N. S. 62, does not exclude cases like this; as here the right of action arises not from the certificate merely, but from the demand which is to be afterwards made of payment.

GOLDTHWAITE, J.—1. The point made with respect to the statute of limitations of three years, controlling this suit, is concluded by the previous decisions made in suits on witnesses certificates. In Hill v. White, 1 Ala. Rep. N. S. 576, we say an action like this is not similar to a demand for an unliquidated account. It is more like an action on a specialty or promissory note, *as the demand is ascertained and fixed by law.* To the same effect is Findlay v. Wyzer, 1 Stewart, 23, where it was held the party was entitled to sue on each certificate, when he had more than one. These decisions are entirely inconsistent with the notion that a demand for attendance thus ascertained, as in the return of an open account. On this ground we think the court erred.

2. And such is our opinion as to the qualification of the first charge. The case of Findlay v. Wyzer, before cited, shews that such certificates may be assigned, so that the assignee may maintain the action in the name of the witness for his use, and having the right to do so, the amount to be recovered does not depend on the sum paid for the certificate.

3. On the other and perhaps more important point, we think the court properly refused to give the charge requested by the plaintiff. Although the statute ascertains the compensation of a witness and the mode by which his attendance shall be proved, it does not change the nature of the contract. It is after all, compensation to the witness for attending the court at the instance of the party, and if before the service is rendered, the witness undertakes to perform it gratuitously, there is no pretence to say he is entitled to recover for this, any more than for other gratuitous services. It may be, but for this undertaking, the party would never have subpœnæd him, or having done so would sooner have discharged him. We were inclined at first to doubt if the certificate was not conclusive of the right of the witness to recover, but reflection has satisfied us it is only *prima facie* evidence when suit is brought upon it. The words of the statute are, "it shall be deemed sufficient evidence for the plaintiff;" (Dig. 602, § 16;) but this does not seem to indicate that the certificate may not be controverted. It cannot, we think, be questioned the party is entitled to some mode by which a false statement may be corrected, and its consequences obviated, and there is none so convenient or effectual, as allowing it to be done when suit is brought upon it. It is unnecessary now to inquire, how the false statement could be reached, when carried into a bill of costs, but it is presumed a motion for retaxation would be effectual in most cases, although the case of Smith v. Donaldson, 3 S. & P. 393, seems to hold a different view; but see Braley v. Hodges, 3 Porter, 335, overruling the case last cited.

For the error we have ascertained, the judgment is reversed and the cause remanded.