## DRANE *vs.* KING & DEVITT.

1. A judgment *nisi* against a defaulting garnishee, for "the sum of sixty-three dollars debt, and twenty-six dollars and seventy-six cents damages, with interest thereon from the second day of October, 1848," is sufficiently certain.

2. Where judgment final is rendered for a larger amount than the judgment *nisi*, the discrepancy can only be considered a clerical misprision, and the judgment will be amended in the Appellate Court, at the costs of the plaintiff in error.

ERROR to the Circuit Court of Lauderdale.
Tried before the Hon. S. C. POSEY.

King & Devitt recovered a judgment in the Circuit Court of Lauderdale, against Matthew C. Galloway, upon which process of garnishment was afterwards issued, and Thomas L. Drane was summoned to appear before said court, at its next term, to be held on the first Monday after the fourth Monday in March, 1849, and answer as to his indebtedness to Galloway. The garnishee failed to appear, and a judgment *nisi* was rendered against him on the seventh day of the term, for " the sum of sixty-three dollars debt, and twenty-six dollars and seventy-six cents damages, with interest thereon from the second day of October, 1848, being the amount of plaintiff's judgment against said Matthew C. Gal-

loway." Upon this judgment a *scire facias* was issued, returnable to the October term of said court, which was returned executed;· but the garnishee again failed to appear, and thereupon judgment final was rendered against him. This judgment, after reciting the rendition of the judgment *nisi*, the issue of *scire facias* thereon, its service and return, and the garnishee's failure to appear, continues thus: "It is therefore considered by the court, that the judgment *nisi* aforesaid be in all things confirmed; and that the plaintiffs recover of said defendant Drane the sum of sixty-three dollars, the debt, together with the further sum of thirty-two dollars and two cents, damages sustained by plaintiffs by reason of the detention of said debt; said sums being the debt, damages and interest of the judgment of these plaintiffs against Matthew C. Galloway."

The errors assigned are:

1. That the judgment *nisi* is uncertain, insufficient, and irregular;

2. That the judgment final is different from the judgment *nisi;*

3. The record does not show that King & Devitt had recovered a judgment against M. C. Galloway;

4. The record does not show that the judgment *nisi* was rendered after the fourth day of the term;

5. The record does not show that the judgment final was rendered after the fourth day of the term;

6. The rendition of the judgment final.

D. P. LEWIS, for plaintiff in error.

WILLIAM COOPER, *contra*.

DARGAN, C. J.—1. A judgment *nisi*, like a judgment final, must be for a sum certain. Dickerson v. Walker, 1 Ala. 48. But we entertain no doubt that the judgment *nisi* in the present case is sufficiently certain; it is for sixty-three dollars, the debt, and twenty-six dollars and seventy-six cents damages, with interest from the second day of October, 1848. Without resort to any extraneous fact, we can ascertain the precise amount of this recovery. It is therefore certain; for *id certum est quod certum reddi potest.*

2. It is again insisted, that the final judgment varies from the judgment *nisi*, and therefore is erroneous. The judgment *nisi*, as has been stated, is for sixty-three dollars debt, twenty-six dollars and seventy-six cents damages, with interest on these two sums from the second of October, 1848, up to the time the conditional judgment was rendered; whilst the final judgment is for sixty-three dollars, the debt, and thirty-two dollars and two cents, being the damages with the interest included. The final judgment is for a little more than the judgment *nisi*. The amount of interest that had accrued on the judgment against Galloway at the time the judgment *nisi* was rendered, was only three dollars and thirty-nine cents, which, if added to the damages, would make thirty dollars and fifteen cents. The final judgment, therefore, does not correspond in amount with the judgment *nisi*, but the discrepancy can only be considered as a clerical mistake, and therefore amendable under our statute in this court. The final judgment only confirms the judgment *nisi*, and makes it unconditional, (and this the final judgment does in the case before us,) and if, in stating the amount of the recovery, it differs from the judgment *nisi*, it may be corrected in this court, as a mere clerical misprision, at the cost of the plaintiff in error.

The other errors are disproved by the record.

Let the final judgment be amended, and affirmed.