# Bradley *v.* The State.

### *Indictment for Carrying Concealed Weapon.*

1. *Judgment of conviction in criminal case; when erroneous.*—The sentence of a court in a criminal case, operating to deprive a citizen of his liberty, and condemning him to involuntary servitude, is irregular and erroneous, when it is in itself so vague and indefinite, that it may operate as a pretence of authority for prolonging the term of servitude beyond that to which the law gives sanction.

2. *Same.*—Where a defendant convicted for carrying a concealed weapon, is, in one part of the sentence, condemned to hard labor for the payment of the costs at the rate of forty cents ·per day, the term not to exceed eight months, and in another part, to hard labor for the same purpose for a term, not only in excess of eight months, but for a period more than sufficient for the payment of the costs, such sentence is inconsistent, uncertain, and erroneous, although the latter clause, being an excess of jurisdiction, may be void.

3. *Costs and fees; distinction between.*—Costs and fees are generally altogether different in their nature, the one being an allowance to a party for expenses incurred in the successful prosecution or defense of a suit, while the other is a compensation to an officer for services rendered in the progress of a cause. But in criminal cases especially, under the statute, this distinction is not observed; but all the costs which are taxable, except compensation to witnesses, consist of the fees fixed by statute for services rendered by the officers of court.

4. *Amendatory statutes; their effect under the constitution.*—Under our constitutional provision, every amendatory statute is, in its nature, a revision of the statute amended, taking the place of the latter.

5. *Statutes; construction of amendments to.*—It is a well settled rule of statutory construction, that, in the amendment, or·revision, or in the re-·enactment of statutes, the mere change of phraseology, or the mere omission of words which may well have been deemed redundant, does not indicate a legislative intent to change the pre-existing law; and before the courts can pronounce a change in the law, such intent must be evi-·dent, and language must be employed, which is not susceptible of any other just construction.

6. *Costs in criminal case; section 4731 of the Code, as amended, construed.*—The word *costs* when employed in reference to criminal prosecutions under our statutes, embracing *officers' fees*, the omission of these latter words from the statute amending section 4731 of the Code (Pamph. Acts 1880–81, p. 37), does not change or lessen the character of the liability which a defendant convicted of crime can be compelled to discharge by hard labor.

7. *Hard labor; for what costs may be imposed.*—It is only costs incurred

by the State, or to which the State, if it were liable for costs, could be subjected, for the payment of which a convict may be compelled to labor; and hence, a defendant can not be sentenced, on conviction, to hard labor for the payment of fees due to his witnesses, or of fees due to the officers of court for services rendered to him in making his defense.

8. *Same; may be imposed for sheriff's fees for feeding prisoners.*—The compensation of the sheriff for feeding a defendant in a criminal case, while he is confined in jail to answer the indictment, is a part of the costs in the strictest sense of the term, taxable against him on conviction, and for the payment of which hard labor may be imposed.

9. *When judgment of lower court here corrected.*—The defendant in this case having been sentenced to hard labor for the payment of costs for a longer period than is authorized by law, the judgment of the lower court is here corrected, and, as corrected, affirmed, without costs.

APPEAL from Sumter Circuit Court.
Tried before Hon. W. S. MUDD.
The facts are stated in the opinion.

WATTS & SONS, S. H. SPROTT, and A. G. SMITH, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The appellant was convicted of the offense of carrying concealed weapons, the jury assessing against him a fine of one hundred dollars, to which the court added hard labor for the county for thirty days. The cost not being presently paid, nor judgment therefor confessed with good and sufficient sureties, the further sentence of the court was, that he do and perform hard labor for the county, "for such period, not to exceed eight months, as will be sufficient to. pay said costs at the rate of forty cents per day　And it appearing to the court, that said costs amount to one hundred and twenty-four 60-100 dollars, composed of the following items, to-wit: Fees to the sheriff for feeding the defendant, while he was confined in jail after his arrest to answer the indictment in this case, thirty-seven 50-100 dollars; fees proved and allowed to witnesses summoned on behalf of the State, nineteen 40-100 dollars; and fees for witnesses summoned on behalf of the defendant, ten dollars; solicitor's fee, thirty dollars; clerk's fees, eight 85-100 dollars; sheriff's fees, exclusive of feeding while in jail, eighteen 85-100 dollars : It is ordered by the court, that said fees as above stated be taxed as costs against said defendant. And said costs not being paid, or judgment with security for the same not being confessed: it is ordered, that said defendant perform hard labor for the county for three hundred and eleven days, at forty cents per day, to pay said costs."

The regularity and legality of the sentence and judgment is assailed in several respects, which will be specially considered.

The offense of which the appellant was convicted, is a misdemeanor, punishable by fine of not less than fifty, nor more than three hundred dollars, to which imprisonment in the county jail, or hard labor for the county for a term not exceeding six months, may be added.—Code of 1876, § 4109. The jury by their verdict ascertain and determine the amount of the fine. The court, in the exercise of a discretion dependent upon the facts and circumstances of the particular case, imposes the additional punishment of imprisonment or of hard labor. The costs not having been presently paid, or judgment with sufficient sureties confessed for fine and costs, the court, having adjudged that the facts of the particular case required. that, in addition to the fine, the further punishment of hard labor for the county should be imposed, had authority to impose additional hard labor for the county, for a term *not exceeding eight months,* to *pay the costs,* estimating the compensation for the labor at *not less than thirty cents per diem for each day.*—Pamph. Acts 1880–81, p. 37.

The original statute authorizing the imposition of hard labor for the county, to pay the costs of a criminal prosecution, was section 4731 of the Code of 1876, which reads as follows: "If, on conviction before the county, circuit, or city court, judgment is rendered against the accused, that he perform hard labor for the county, and if the costs are not presently paid, then the court may impose additional hard labor for the county for a term sufficient to cover all costs and officers' fees, allowing not exceeding forty cents per diem for the additional labor imposed." This statute was amended by the act to which reference has been made, and the matter of amendment, so far as is now material, is, that hard labor, for the payment of costs in cases of conviction for misdemeanors, in no event can exceed the term of eight months, and the *minimum* of compensation for such labor shall be thirty cents per day; the former statute having fixed a *maximum*, omitting a *minimum* of compensation.

Certainty, consistency in all its parts is an indispensable element of the validity of judgments or decrees in civil cases, ascertaining and determining the rights and liabilities of parties. A judgment or a decree, uncertain, inconsistent in its terms, incapable of safe execution according to the letter of its mandate, is not valid.—*Dickerson v. Walker,* 1 Ala. 48; *Speed v. Cocke,* 57 Ala. 209. The sentence of a court in a criminal case, operating to deprive a citizen of liberty, condemning him to involuntary servitude, ought not to be less certain, less consistent in its terms, than the judgment or decree, which affects only his rights of property. When it is in itself so vague and indefinite that it may operate as a pretence of authority for prolonging the term of servitude beyond that to which the

[Bradley v. The State.]

law gives sanction, to say the least, it is irregular, invalid, and a court having jurisdiction is bound to reverse it. In one part of this sentence for the payment of costs, the appellant is condemned to hard labor for a term not exceeding eight months, the precise time not being expressed. The costs were ascertained to amount to one hundred and twenty-four 60-100 dollars, and the compensation for the labor is fixed at forty cents *per diem*. If for the costs, as taxed, the appellant could be subjected to hard labor, a term of eight months would not pay them, and if the sentence had not proceeded further, though it is the better practice to express directly and precisely the term of labor, under the practice which this court has sanctioned, it would have been construed as a valid sentence for the term of eight months. The sentence, however, proceeds further, and, in its concluding clause, condemns the appellant to hard labor for three hundred and eleven days to pay the costs, fixing the compensation at forty cents per day; a term, not only in excess of that which the law prescribes, but more than sufficient for the payment of the costs. This clause of the sentence may be void—an excess of jurisdiction; yet, it renders the sentence inconsistent and uncertain. The inconsistency and uncertainty may be made a pretense for keeping the appellant in servitude a longer period than that to which the law subjects him. The judgment rendered, or sentenced passed by a court, though pronounced by a judge, is the judgment or sentence of the law. "It is the certain and final conclusion of the law, following upon ascertained premises." When the one is rendered, or the other passed, and the term closes, it is not open to reconsideration. The power of the court is exhausted, and there can be no alteration or modification of the judgment or the sentence of the law, as it stands recorded. Uncertainity, inconsistency in the record, renders the judgment or sentence erroneous.

The original statute, in express terms, authorized the imposition of hard labor for the payment of *costs and officers' fees*. The amended statute omits the word *officers' fees*, and employs only the word *costs*. We are not prepared to say, this change of phraseology indicates a change of legislative intention, and either lessens or enlarges the liability for which the court may impose hard labor. *Costs* and *fees* are altogether different in their nature generally. The one is an allowance to a party for expenses incurred in the successful prosecution or defense of a suit; the other, a compensation to an officer for services rendered in the progress of a cause.—*Tillman v. Wood*, 58 Ala. 578; *Musser v. Good*, 11 Serg. and Rawle, 247. Originally, by the common law, fees were demandable by the officers at the instant the services were rendered; and having been paid, became costs, if so provided by statute, recover-

[Bradley v. The State.]

able on the termination of the suit, if the party paying them was successful. In reference to criminal prosecutions especially, the statute does not observe the distinction between costs and fees. All the costs which are taxable (except the compensation of witnesses), consist of the fees fixed by statute for services rendered by the officers of court. It is to these fees the amended statute has reference, and embraces in the general term *costs*. In the amendment, or revision, or in the re-enactment of statutes, changes of phraseology, the omission of words deemed superfluous, or the addition of words rendering the intention more clear, are not infrequent. The construction or operation of the statute is not varied because of such changes. Before the courts can pronounce that the law is changed, the legislative intention to change it must be evident; language must be employed, which is not susceptible of any other just construction. Under our constitutional provision, every amendatory statute is, in its nature, a revision of the statute amended, taking the place of the latter. It is a settled rule of statutory construction, that mere changes of phraseology, mere omission of words which may well have been deemed redundant, do not indicate a legislative intent to change the pre-exisiting law. *Croswell v. Crane*, 7 Barb. 191; *Hughes v. Farrar*, 45 Me. 72; *Mooers v. Bunker*, 29 N. H. 420. The amended statute, in express terms, changes the original statute, so that in cases of misdemeanor the term of hard labor for the payment of costs shall not exceed eight months in any event, and the compensation for the labor shall not be less than thirty cents *per diem*. Under the former statute, the term of labor could be continued, and must have been continued, until the costs were paid, and the compensation for the labor could not exceed forty cents *per diem*, and might be as much less as the court of county commissioners should fix. The changes expressly wrought by the amended statute are in the term of labor and its compensation. The liability for which it may be imposed is described and defined by the word *costs* only. This word, when employed in reference to criminal prosecutions under our statutes, embraces *officers' fees*, the compensation given by law to the officers of court for services they are compelled to render. Of itself it embraces all that was embraced by the words *officers' fees*, with which it was associated in the original statute, and the omission of these latter words from the amended statute, was from no purpose to lessen or change the character of the liability which a convict of crime can be compelled to discharge by hard labor.

Compulsory process for obtaining witnesses in his favor, the bill of rights guarantees to every person charged with a criminal offense. The witness attending in obedience to the process

[Bradley v. The State.]

becomes entitled to compensation from the defendant, the amount of which the statute prescribes. Upon proving his attendance the witness is entitled to a certificate from the clerk of the court, which becomes presumptive evidence of the amount due him. If the defendant is convicted, the compensation claimed by his witnesses, and certified by the clerk, becomes part of the costs in which he is amerced by the general judgment for costs. It is taxed as costs and collected by the sheriff for the use of the witnesses. This does not, however, change the nature or character of the compensation. It is simply a debt—a due to the witness from the defendant for services performed at his instance. Of the debt the certificate of the clerk is evidence, upon which an action at law will lie immediately, though the cause is pending and undetermined. *Hill v. White,* 1 Ala. 576 ; *Corrville v. Reynolds,* 9 Ala. 969. For such debt, though it is taxable as costs, the statute can not be construed as subjecting the defendant to hard labor. It is only the costs incurred by the State, or to which the State, if it were liable for costs, could be subjected, for the payment of which a convict may be compelled to labor. These do not include costs incurred by the defendant in making defense, whether the compensation of witnesses, or the fees of officers of court for services rendered to him.

The compensation of the sheriff for feeding the appellant while confined in jail to answer the indictment, is part of the costs in the strictest sense of the term, taxable against him on conviction, and which the State is bound to pay, if he be insolvent and unable to pay it. This compensation is part of the expenses to which the State is subjected in the prosecution of offenders against the criminal law, and it is but even-handed justice, that upon conviction, if the State has paid it, there should be reimbursement, or if it has not been paid, there should be indemnity against liability for its payment. In express terms the statute declares that on conviction it is to be paid by the defendant.—Code of 1876, § 5043. For it now the State becomes liable only after a return of execution against the defendant *no property found.*—Pamph. Acts, 1880–81, § 7, p. 11. There is a want of provision in the statute, securing reimbursement to the State from the compensation the county may receive for the hard labor of a convict, the expenses of whose feeding while in prison has been paid by the State. The absence of such legislation is a fact not without significance in determining whether this compensation forms part of the costs, for which a convict may be compelled to hard labor. But when the statute in clear and unambiguous terms fixes the liability on the convict for the compensation, requires it to be taxed, and judgment to be rendered against him for it, as costs,

[Dugger v. Collins & McRea.]

the omission can not justify a construction which would exclude it from the liability he is to satisfy by labor.

Excluding the compensation of the witnesses of the appellant, there remains of costs for which the appellant could be sentenced to hard labor for the county the sum of one hundred and fourteen 60-100 dollars. Eight months of hard labor at forty cents per day would not yield sufficient in money to pay the costs, and for that period, in addition to the period of thirty days, to which he was sentenced as punishment for the offense, the Circuit Court could properly have sentenced the appellant. This court, in the exercise of the power with which it is clothed by statute, will correct the errors in the sentence, which have been pointed out ; and, as corrected, the judgment and sentence will be affirmed, without costs.