# Cohen *v.* Coleman.

*Summary Proceedings against County Treasurer for Failure to pay Claim against the County.*

1. *Summary judgment against county treasurer for failing to pay allowed claim; when motion insufficient.*—The summary remedy against a county treasurer for failing to pay a claim against the county under the provisions of section 3395 of the Code, can only be maintained when the demand sued for is an "allowed claim" against the county; and hence, a motion which fails to aver that such claim had been allowed, is insufficient on demurrer.

2. *Sheriff's fees for summoning witnesses for defendants in State cases; not a claim against the county.*—A sheriff's fees for summoning witnesses for insolvent defendants in criminal cases, being for services rendered for the defendants, are not a charge against the fine and forfeiture fund of the county.

APPEAL from Greene Circuit Court.
Tried before Hon. SAMUEL H. SPROTT.

This was a motion for a summary judgment, under the statute, by Benjamin Cohen against Charles Coleman, as treasurer of Greene county, the grounds of which are sufficiently stated in the opinion. The defendant interposed a demurrer to the motion, which was sustained by the court; and the plaintiff declining to plead further, a judgment was rendered for the defendant. That judgment is here assigned as error.

HEAD & BUTLER, for appellant.

T. W. COLEMAN, and H. C. TOMPKINS, contra.

(No briefs came to the hands of the reporter.)

STONE, J.—The summary remedy invoked in this case against the county treasurer can only be maintained when the demand sued for is an "allowed claim" against the county. Code of 1876, § 3395. The motion, taking the place of a complaint, failed to aver the claim sued on had been allowed, and therefore failed to aver any statutory ground of recovery. The demurrer was rightly sustained.—2 Brick. Dig. 464, § 6.

In the first paragraph, or ground of the motion, the claim asserted consists of fees alleged to be due the sheriff for summoning witnesses for defendants in State cases—the defendants being insolvent. Such services are rendered for the defendants, and must be paid for by them. They are not a charge against the fine and forfeiture fund.

Affirmed.