# Burgin v. Hawkins, Treasurer.

*Application for Mandamus.*

1. *Clerk's fees for summoning defendant's witnesses; not payable out of the fine and forfeiture fund.*—The fees of the clerk of a court for issuing subpœnas for witnesses in a criminal case at the request of a defend-

[Burgin v. Hawkins, Treasurer.]

ant, who was acquitted, can not be paid out of the fine and forfeiture fund of the county; such services of the clerk being rendered for defendant create a debt against him, and must be paid by him.

APPEAL from the City Court of Birmingham.

HEARD before the Hon. W. W. WILKERSON.

The appeal in this case is taken from the judgment of the city court dismissing an alternative writ of *mandamus*, issued to the appellee on a petition by appellant.

The petition was filed by the appellant, and alleged that he was the clerk of the criminal court of Jefferson county; that one Burns was indicted in said court for murder, and was tried and acquitted by the jury; that the petitioner, as clerk of said court, issued a number of subpœnas at the request of said Burns for witnesses on his behalf, for the issuance of which subpœnas he was entitled to certain fees; that he made affidavit to the itemized account of these fees as required by law, and presented such account to Kenneth F. Hawkins, who was, at that time, treasurer of said county, and requested that he, Hawkins, number and register the same, and pay it in its order out of the fine and forfeiture fund in his hands as said treasurer, and that the said Hawkins, as such treasurer, refused to do so. The petitioner prayed "for a rule on the said Kenneth F. Hawkins, as treasurer of said county, commanding him to show cause why a *mandamus* should not issue requiring him to number and register the said claim of petitioner, and pay the same in its order out of the fine and forfeiture fund of said county in his hands, and that upon the hearing thereof said *mandamus* be granted : or that petitioner have such other, further or different relief, or other remedial writ as in law he may be entitled to in the premises." In accordance with this prayer the alternative writ, or rule *nisi*, was issued, citing the said Hawkins to appear and show cause, if any, why the order prayed for in said petition should not be granted. This writ recited the filing of the petition by said Burgin, and also contained the several allegations contained in the said petition.

The respondent appeared and moved to quash the writ upon the following, among other grounds : 1st. That the notice did not require the defendant to do the act prayed for, or show cause why it should not be done.

2d. Because the mandate of said rule *nisi* does not give the defendant an opportunity to comply with said writ. 3d. Because, according to the mandate of said notice, the defendant is required to do an act not authorized by law.

   The motion to quash was granted by the court, to which ruling petitioner duly excepted. The petitioner appeals, and assigns this judgment as error.

WHITE & HOWZE, for appellant.—*Mandamus* is the proper remedy, and an appeal to this court is the proper mode of reviewing the judgment of the court below.—*Sessions v. Boykin*, 78 Ala. 328. The act the defendant would be required to do under a writ of *mandamus* was one authorized by law. The statute in . question, being a remedial one, must be liberally and beneficially construed, and under such construction the petitioner was entitled to relief.—Acts of 1882–83, p. 543; Sedgwick on Statutes, 361; *Sprowl v. Lawrence*, 33 Ala. 674; *Herr v. Seymour*, 76 Ala. 270; *Reese v. State*, 73 Ala. 18; *Toole v. State*, 88 Ala. 158, 7 So. Rep. 42; *Carlisle v. Godwin*, 68 Ala. 137; *Bartlett v. Morris*, 9 Por. 266.

B. M. ALLEN, *contra.*—The claim of the petitioner was not a proper charge against the fine and forfeiture fund, but was a claim against the defendant in the case in which the subpœnas were issued, at whose instance and for whose benefit the services were performed.—*Cohn v. Coleman*, 71 Ala. 496; *Bradley v. State*, 69 Ala. 323; *State ex rel Greene Co. v. Coleman*, 73 Ala. 551; *Bowen v. State*, 98 Ala. 83, 12 So. Rep. 808.

STONE, C. J.—Our statutes maintain a marked distinction between costs incurred for the State in State prosecutions, and those incurred for and by the defense. Code of 1886, § 4887. As illustrative of this fact, costs incurred by the State are taxable against the defendant on conviction, and become so much a part of the penalty or punishment, as that the defendant may be sentenced to hard labor for their payment; and in the event the punishment be only a money fine, or fine and costs, the defendant may obtain his liberty by confessing judgment with sureties for fine and costs. But this confessed judgment does not include the costs incurred by the defendant.

The latter is only a personal, contract debt, and can not be enforced by restraint of defendant's liberty.—*Hill v. White*, 1 Ala. 576 ; *Carville v. Reynolds*, 9 Ala. 969 ; *Bradley v. State*, 69 Ala. 318 ; *Tolbert v. State*, 87 Ala. 27 ; *Bailey v. State, Ib.* 44.

In *Bradley's Case*, Brickell, C. J., speaking for the court, said : "If the defendant is convicted, the compensation claimed by his witnesses and certified by the clerk, becomes part of the costs in which he is amerced by the general judgment for costs. It is taxed as costs and collected by the sheriff for the use of the witnesses. This, however, does not change the nature or character of the compensation. It is simply a debt, a due to the witness from the defendant for services performed at his instance. Of the debt the certificate of the clerk is evidence, upon which an action at law will lie immediately, though the cause is pending and undetermined. For such debt, though it is taxable as costs, the statute can not be construed as subjecting the defendant to hard labor. It is only the costs incurred by the State, or, to which the State, if it were liable for costs, could be subjected, for the payment of which a convict may be compelled to labor. These do not include costs incurred by the defendant in making defense, whether the compensation of witnesses or the fees of officers of court for services rendered to him."

So, in *Cohen v. Coleman*, 71 Ala. 496, speaking of services rendered by the sheriff in summoning witnesses for a defendant who had been convicted, and was insolvent, we said : "Such services are rendered for the defendants, and must be paid for by them. They are not a charge against the fine and forfeiture fund."—*Bilbro v. Drakeford*, 78 Ala. 318.

In *Bowen v. State*, 98 Ala. 83, 12 So. Rep. 808, we said : "The word cost, for which a person convicted may be sentenced to hard labor, has been judicially declared. It includes all costs, includidg officers' fees, incurred in behalf of the State. It does not include fees due witnesses summoned on behalf of defendant, or cost incurred by him in making his defense."

In *State ex rel v. Coleman, Treasurer*, 73 Ala. 550, we defined the fine and forfeiture fund of the counties "as a fund accruing from pecuniary penalties and punitive impositions incurred by defendants in the enforcement

of criminal prosecutions, in the nature of profits arising from our system of criminal procedure." This fund is set apart to meet those occurring and recurring liabilties which will be encountered in the administration of the criminal law. And throughout this entire proceeding, a distinction has been maintained between those expenses which have been incurred at the instance of the State, and those incurred for the defense. Hence, in section 4887 of the Code it is declared that the fees of witnesses subpœnaed *for the State* are made a charge on the fine and forfeiture fund, "when the defendant is not convicted," and in several other enumerated catagories; but no provision is made for such payment to witnesses summoned for defendant. Can · a reason be assigned for paying the clerks and sheriffs for services rendered in issuing and serving subpœnas for witnesses at the instance of defendants, which does not apply with equal force to the payment of witnesses themselves, who may be so summoned and required to attend?

Again : Under the authorities *supra*, the State is without power or authority to secure the payment of clerk's and sheriff's fees for summoning witnesses for defendants in State cases, either by judgment confessed with sureties, or by sentence to hard labor for the county. Would it not be strange and inconsistent to hold that the fine and forfeiture fund is responsible for these costs in cases in which the State fails to convict, while in case of conviction the liability is only a personal debt on the defendant, collectible only as he can be compelled to pay his other contract debts? Why secure the payment when the State fails, and yet leave its payment unsecured, when the convicted defendant can not, by reason of his insolvency, be compelled to pay these officers for the services they have rendered him at his request?

Section 4870 of the Code is very comprehensive in its terms, but we can not consent to give them an interpretation, which would work the inequality pointed out above. We adhere to our former rulings.—*Bradley v. State*, 69 Ala. 318; *Cohen v. Coleman*, 71 Ala. 496; *Bowen v. State*, 98 Ala. 83, 12 So. Rep. 808.

Affirmed.