(114 So. 14)

ANDERSON v. STATE.   (6 Div. 265.)

Court of Appeals of Alabama.   Oct. 4, 1927.

R. G. Redden, of Vernon, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment charged assault with intent to ravish. Trial was had thereon which resulted in the conviction of the accused (appellant) for the offense of assault and battery; the jury assessed a fine of $200, to which the court added 6 months' hard labor. This appeal was taken from the judgment pronounced and entered.

Appellant has assigned errors. We note that these assignments present the salient points of decision involved upon this appeal.

■ This trial was had upon a felony charge, and in cases of this character the rules of evidence permit the prosecution to show a complaint by prosecutrix. This question is fully discussed in the case of Gaines v. State, 167 Ala. 70, 52 So. 643, and cases cited. Assignment of error No. 1, therefore cannot be sustained.

Assignment of error No. 2 is of the same purport, and what has been said above is applicable here also. It was immaterial as to whether or not the prosecutrix was two months pregnant and that "she had been out of the hospital five weeks," and that "she was weak." These matters could shed no light upon the sole issue of fact as to whether or not the alleged assault was committed by defendant. This was the only issue involved upon this trial.

■ The matters complained of in the third assignment of error were brought out by the defendant by the insistent cross-examination of the alleged injured party. He

was therefore in no position to complain, and the court properly so held.

■ Assignment No. 4 deals with the alleged objectionable argument of the solicitor. These questions are not presented as no motion to exclude was made. The mere objection and exception is not sufficient. Lambert v. State, 208 Ala. 42, 93 So. 708. There the Supreme Court said:

"The effect of our decisions is that a mere objection to already spoken words does not reach the evil aimed at, and that the court must be appealed to to exclude them from the consideration of the jury, failing which there is nothing presented * * * by an exception."

■ The statute, Code 1923, § 3258, makes it the duty of this court to consider all questions apparent on the record, as well as those reserved by bill of exceptions. In conformity with this requirement we have examined the record and find that the indictment charges an assault upon one person, and, so far as appears from the recitals in the judgment as to the verdict of the jury and also the adjudication of guilt of the accused, an entirely different person is named as the injured party. The indictment charges that the alleged assault was made upon Mrs. Rubby Strother. The verdict of the jury as contained in the judgment of conviction recites: .

"We the jury find the defendant guilty of an assault and battery on Mrs. Moody Strother," etc.

This is followed by the further recital in the judgment:

"It is therefore considered by the court and it is the order and judgment of the court that the defendant is guilty of an assault and battery on Mrs. Moody Strother," etc.

In another part of the record under the head of, "Verdict of the Jury," we find the alleged injured party is designated, "Mrs. Ruby Strother." Thus it appears from the record that the accused was charged with an assault upon Mrs. Rubby Strother, also that the verdict in one instance named the injured party as Mrs. Ruby Strother, and in another as Mrs. Moody Strother, the adjudication of guilt by the court being as to the latter. Thus, three separate and distinct names are used to designate the third or injured party named in the indictment, and this court is without authority to assume that each of these three separate and distinct names refers to one and the same person:

"Certainty, consistency in all its parts is an indispensable element of the validity of judgments or decrees in civil cases, ascertaining and determining the rights and liabilities of parties. A judgment or a decree, uncertain, inconsistent in its terms, incapable of safe execution according to the letter of its mandate, is not valid."

Dickerson v. Walker, 1 Ala. 48; Speed v. Cocke, 57 Ala. 209.

And in the case of Bradley v. State, 69 Ala. 318, Chief Justice Brickell for the court said:

"The sentence of a court in a criminal case, operating to deprive a citizen of liberty, condemning him to involuntary servitude, ought not to be less certain, less consistent in its terms, than the judgment or decree, which affects only his rights of property. * * * Uncertainty, inconsistency in the record, renders the judgment or sentence erroneous."

Reversed and remanded.